## STATE *v.* JOHN ROGERS.

CRIMINAL LAW. *Arrest of judgment. Severance. Accessory after the fact. Record separate after severance.* The defendant being indicted as an accessory after the fact to murder with the principal, upon severance the records in the two causes became distinct thereafter, and the defendant upon conviction will not be entitled to an arrest of judgment because his principal was not convicted first, such fact being a matter of evidence and not of record. Since an arrest of judgment can only be had upon matters appearing upon the record, and the record of the principal's conviction having been made distinct by the severance, is not a part of the record in the case of the accessory, it becomes a matter of evidence, and not of record, and therefore cannot be available for such purpose.

Code cited: Sec. 4590.

---

FROM SHELBY.

---

Appeal from the Criminal Court. JNO. FLIPPIN, Judge.

ATTORNEY-GENERAL HEISKELL for State.

No brief on file for defendant.

McFARLAND, J., delivered the opinion of the court.

The defendant was convicted in the Criminal Court at Memphis, of the crime of accessory after the fact to the murder in the first degree of James M. Merriwether, and the term of his imprisonment in the penitentiary fixed by the jury at ten years. Upon the defendant's motion the court arrested the judgment, and the Attorney-General, in behalf of the State, has appealed in error to this court.

The record presented shows the following:

An indictment in due form, and regularly found by the grand jury in said court, against Daniel Smith and Ella Smith, for the murder of said Merriwether, and in a second count the defendants, John Rogers and Sarah Rogers, are charged as accessories after the fact to said murder.

This indictment we think is good in substance and in form. This indictment was found on the 18th of May, 1871. On the 30th of May the defendant appeared, and, upon motion, the court ordered a severance between the two first named and the two last named defendants, and all the defendants being arraigned, pleaded not guilty. On the 7th of November the record shows the entry in the usual form of the case of the State *v.* John Rogers and Sarah Rogers, of the trial of the issue by a jury, who find the defendant, John Rogers, guilty as accessory after the fact of murder in the first degree, and fixed the term of his imprisonment in the penitentiary at ten years. Sarah Rogers was acquitted.

Subsequently, the motion of the defendant for a new trial was overruled, and his motion in arrest of judgment was sustained, and the judgment arrested, from which the Attorney-General appealed. This is the entire record.

The ground upon which the Criminal Court arrested the judgment does not appear. Nor is there any bill of exceptions setting out the evidence or charge of the court. The argument here in support of the action of the Criminal Court is, that the record

State *v.* Rogers.

does not show that the principals, or either of them, have been tried and convicted of the murder. It is conceded that an accessory after the fact cannot be tried until after the trial and conviction of the principal, unless by his consent. At common law this was so as to the accessory either before or after the fact, but with us this has been changed by statute as to an accessory before the fact, but remains as before as to an accessory after the fact. See Code, sec. 4590. But the question is, was this a matter of evidence upon the trial, or must it be a part of the record proper? The record as to all the parties was the same up to the severance. After the severance, the proceedings were separate and distinct, as much so as if there had been two separate indictments in the first instance.

The record, which is but the evidence of the proceedings had, will show only the proceedings in the cause in which John Rogers was defendant. Therefore, the record containing all the proceedings against the defendants jointly indicted, up to the time of the severance, and all the proceedings had from that time forward against John and Sarah Rogers, is a complete record as to them. The proceedings had after the severance against the principals are no part of the record in this case. From the time of the severance they were separate and distinct causes. It results that this record is complete. No exception being taken we must presume that the evidence fully justified the finding of the jury; that the defendant's guilt was established by legal and competent evidence; that the

conviction of the principals, or one of them, was established by the introduction as evidence of the record showing the conviction, or that the defendant consented to waive this and go to trial before his principals.

If in fact the prisoner was tried without his consent, and before the conviction of the principal, the court below should have granted the prisoner a new trial, and continued the cause until after the trial of the principal. It was not grounds to arrest the judgment.

To convict a party as accessory to the crime of murder, the crime of murder against the principal must be established, and also that his principal has been tried and convicted. This is done by introducing the records of the conviction. It is introduced as evidence of the facts: Whart. on Cr. L., sec. —. This is apparent when we remember that they may be separately indicted, and the records are entirely distinct. And if the record against the principal is introduced against the accessory it is introduced as evidence. In this case we must presume that this evidence was introduced, as the defendant does not except to the evidence upon which he was convicted.

Judgments are arrested upon matters appearing upon the record: Whart. on Cr. L., sec. 146. And as no reason appears on this record we must hold that the judgment was improperly arrested.

Judgment reversed, and judgment in accordance with the verdict.