PARKER *v.* STATE.*

(*Jackson.* April Term, 1915.)

1. **WITNESSES.** Conduct of trial. Cross-examination by trial judge.

In a criminal prosecution the action of the court in not permitting counsel for the State to cross-examine defendant and in undertaking to do so himself, framing exceedingly sharp questions, and, after defendant's own counsel had had defendant for a short time, in resuming cross-examination which totaled one-third of the defendant's personal testimony, was reversible error. (*Post, p.* 328.)

2. **WITNESSES.** Impeachment of own witness. Character.

In a criminal prosecution, where the defendant was called in rebuttal for the State, the action of the assistant district attorney-general in asking him whether his whole life for the past fifteen years had been so crooked, devious, and so utterly devoid of morality or honesty that his reputation for dishonesty was so well known that the county court, without even considering his petition, refused to give him a certificate of good character, notwithstanding the fact that defendant's general character had not been put in issue, was a denial of a fair trial and reversible error. (*Post, p.* 329.)

---

FROM SHELBY.

---

Appeal from the Criminal Court of Shelby County.—
RALPH DAVIS, Special Judge.

SAMUEL O. BATES, for appellant.

---

*As to power of court to cross examine, see note in 57 L. R. A., 882. As to interrogation of accused by court, see note in 15 L. R. A., 674.

The right to impeach one's own witness is discussed in note in 21 L. R. A., 418.

Wm. H. Swiggart, Jr., Assistant Attorney-General, for the State.

Mr. Chief Justice Neil delivered the opinion of the Court.

The plaintiff in error was arraigned in the criminal court of Shelby county under an indictment containing two counts—the first charging him with obtaining money under false pretenses; and the second charging him with larceny. He was convicted and sentenced under the first count. From this judgment he has appealed and assigned errors.

The judgment must be reversed because of the improper conduct of the trial judge and of the assistant district attorney-general.

1. His honor, instead of permitting the counsel for the State to conduct the cross-examination of the plaintiff in error, in the main took charge of this matter himself. This circumstance alone could not have failed to impress the jury that the trial judge was hostile to the prisoner. In addition to this, the language used in framing the questions was sometimes exceedingly sharp, and at all times closely resembled similar performances on the part of opposing counsel. After seven pages of the transcript had been thus used the prisoner was turned over to his own counsel, but the latter had brought out material covering only four or five lines, when his honor took the witness in hand again, and cross-examined him to the extent of two more pages. The prisoner was recalled by the State

in rebuttal, and the trial judge again took him in hand and examined him for two additional pages. Thus we have eleven pages of the transcript, comprising fully a third of the prisoner's personal testimony taken up with his cross-examination by the presiding judge, and conducted in a manner not at all appropriate to questions propounded by that officer. While it is true that the judge may ask questions now and then for the purpose of clearing up points that seem obscure, and supplying omissions which the interests of justice demand, it is not proper that he conduct an extended examination of any witness, and particularly a prisoner on trial for his liberty or his life. Such a practice, if tolerated by this court, would be far more hurtful to the administration of justice than the escape of many prisoners. It is essential that trials shall be managed fairly, and that trial judges shall not only be just to both sides, but that they shall observe in their demeanor an even tenor, so that an impartial state of mind may be apparent to all concerned.

2. The improper conduct on the part of the assistant district attorney-general was this: The prisoner was called in rebuttal by the State, and hence became the State's witness. Yet, notwithstanding this fact, and notwithstanding the further fact that he had not put his general character in issue, the assistant district attorney-general, asked him the following question:

"Don't you know your whole life in the city of Memphis, for the past fifteen years, has been such, and has been so crooked, and so devious, and so utterly devoid

Parker v. State.

of morality, or honesty, that your reputation for dis-
honesty is so well known that the county court, with-
out even considering your petition, refused to give you
a certificate of good character?'' ·

Over the objection of the prisoner's counsel, the trial
judge permitted this question to be asked.  No one can
doubt that this was highly improper, both on the part
of the trial judge and of the assistant district attorney-
general conducting the case.

It is impossible to say, under the facts stated, that
the prisoner has had his constitutional right of a fair
and impartial trial.  On this ground the judgment must
be reversed, and the cause remanded for a new trial.