BAKER *v.* STATE.

(*Nashville,* December Term, 1946.)

Opinion filed May 3, 1947.

C. L. BOYD, of Waynesboro, and W. C. KEATON, of Hohenwald, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

On the night of February 16, 1946 Waco Leigh struck Howard Staggs on his head several times with an iron fire poker. Staggs died 11 days later. Leigh was indicted for murder in the first degree. He was convicted of voluntary manslaughter, and did not appeal.

Plaintiff-in-error, Eldridge Baker, and one Jim Lawson were indicted as accessories after the fact of murder in the first degree, the charge against him being in the second count of the indictment which in the first count had charged Leigh with the murder in the first degree of Staggs. Lawson was acquitted, but Baker was convicted as accessory after the fact of voluntary manslaughter. The trial court overruled his motion for a new trial, and he has appealed.

Leigh made his home with his uncle, the plaintiff-in-error, Eldridge Baker. The difficulty between Leigh and Staggs occurred on the front porch of the Baker home. Baker was in another part of the house at the time of the occurrence and took no part in the actual difficulty. Being informed by his little daughter that a fuss was going on outside, he went out and saw Staggs unconscious on the floor of the porch. He testified he did not know that Staggs had been hit, and thought that he was in a drunken stupor. He and one Jim Lawson moved the body of Staggs from the porch to an obscure place in the front yard. Baker says that he anticipated the arrival of the sheriff, and moved the body of Staggs to prevent him from being arrested for public drunkenness. Shortly thereafter that night when the sheriff arrived, Baker, in response to the sheriff's inquiry, told the Sheriff that he had not seen Staggs. However, the sheriff found Staggs

in a few minutes and sent him immediately to a hospital. Eleven days later Staggs died. This is the evidence upon which Baker was convicted.

Among the errors which Baker assigns on this appeal is one to the effect that the court erred in overruling that ground of his motion for a new trial which insisted that he, Baker, could not, as a matter of law, be guilty as an accessory after the fact of the felonious killing of Staggs by reason of the acts done by him 11 days before the death of Staggs and that, therefore, there is no evidence to sustain the verdict of the jury.

The only acts done by plaintiff-in-error allegedly in aid of Leigh after the fatal blows had been inflicted upon Staggs were to move Staggs to a place of concealment, and to falsely tell the sheriff that he had not seen Staggs. The concealment was not a continuing act, but had completely and unsuccessfully spent its entire force and effect 11 days before Staggs, died, because the sheriff did find Staggs within a few minutes after this concealment of his body and the false representation with reference thereto had been made.

The question, therefore, presented for our decision by this assignment of error is whether the offense of accessory after the fact of voluntary manslaughter has under our statute been committed by defendant, whose only act in aid of the assailant was first done and unsuccessfully completed very shortly after the fatal blows had been inflicted, but 11 days before the death of the party assailed. This exact question seems to be one of first impression in this jurisdiction, since neither this court nor attorneys in the case have been able to find a decision of this court exactly in point.

Our Code section 10764 defines an accessory after the fact as follows: ''Accessories after the fact.—A person

who, after the commission of a felony, harbors, conceals, or aids the offender, with intent that he may avoid or escape from arrest, trial, conviction, or punishment, having knowledge or reasonable ground to believe that such offender is liable to arrest, has been arrested, is indicted or convicted, or has committed a felony, is an accessory after the fact." The language in this code section which is of determinative importance on the question under consideration is the expression or phrase "a person who, *after the commission of a felony,* harbors," etc. (Italics ours.)

The text of 1 Ruling Case Law, page .148 states the general rule to be that the felony is not regarded as having been "committed" so as to apply to one charged as an accessory after the fact until that felony is complete. The language of this text is: "In order to fix the guilt of a party charged as accessory after the fact it is essential that a felony has been committed, and that it is complete. Until a felony has been consummated, any aid or assistance rendered to a party in order to enable him to escape the conquences of his crime will not make the person affording such assistance guilty as an accessory after the fact. This is the rule recognized, without exception, by all the authorities." The rule is likewise so stated in 16 *Corpus Juris,* page 138 as follows: "One cannot be convicted as an accessory after the fact unless the felony be complete, and, until such felony has been consummated, any aid or assistance rendered to a party in order to enable him to escape the consequences of his crime will not make the person affording the assistance an accessary after the fact." See also, 22 C. J. S., Criminal Law, sec. 95, p. 167. In the Illinois case of *Reynolds* v. *People,* 83 Ill. 479, 25 Am. Rep. 410, that Court held that the offense of accessory after the fact of a specified crime "cannot be committed until the principal offense is an accomplished

fact''. Of course, the offense of the voluntary manslaughter of Staggs was not consummated until the death of Staggs 11 days after the combat had ended, this death also being 11 days after the acts for which plaintiff-in-error, Baker, is indicted as an accessory after the fact. The text in 13 Ruling Case Law, page 726, dealing with this exact situation declares the law applicable to be: ''To fix the guilt of one who is charged as accessory after the act, it is essential that the homicide be complete by the occurrence of death. Until such time, any aid or assistance rendered to a party in order to enable him to escape the consequences of his crime, will not make the person affording such assistance guilty as an accessory after the fact.'' In support of the rule of law as above asserted, there is cited the case of *Harrel* v. *State*, 39. Miss. 702, 80 Am. Dec. 95. In that case the party assailed died within a few hours after the attack, instead of 11 days thereafter. The opinion in the case was written by the Chief Justice, and it held as follows: ''It is clear that the felony charged in the indictment . . . was the murder of Telfair Harrel and not an assault and battery upon him with intent to commit murder. It is, therefore, certain that until Telfair Harrel died the felony alleged in the indictment and in respect to which the plaintiff in error was charged as accessory after the fact was not consummated.'' Accordingly, the case was reversed.

We think the rule as stated by these persuasive authorities is sound on principle, and, therefore, is approved by this court. It is, accordingly, our opinion that under our statute defining the offense of accessory after the fact, and the law applicable thereto, there is in this case no evidence to sustain the verdict of the jury. The assignments of error to that effect are sustained.

Reversed and remanded.

All Justices concur.