WILSON *v.* STATE.

(*Knoxville,* September Term, 1949.)

(May Session, 1950.)

Opinion filed June 9, 1950.

JOHN A. ARMSTRONG, of Greeneville, for plaintiff in error.

J. MALCOLM SHULL, Assistant Attorney General, for the State.

594

Mr. Justice Prewitt delivered the opinion of the Court.

Defendant, Sam Wilson, was convicted as an accessory after the fact to felonious assault, with punishment fixed at confinement in the State prison for a year and a day, from which he appeals.

Defendant admitted that on July 25, 1949, he saw Robert Lee Jordan strike John W. Browning in the back of the head with a tire tool. Defendant and Jordan were employees at the filling station where this assault occurred. Browning was in charge of the station and had insisted upon these colored boys completing certain work at the station. One witness testified that about 45 minutes before the assault he heard defendant say to Jordan that he "would knock his (Browning's) teeth out."

The evidence shows that Jordan ran away from the filling station as soon as he knocked Browning unconscious, and that within a few minutes defendant went to his car, which was parked nearby, and drove a short distance to where he stopped and picked up Jordan. Defendant drove Jordan by his own residence, then by Jordan's residence, and let him out at the side of a road near a pasture field and some woods. Defendant testified that he left the filling station because he was

afraid of the crowd which gathered. The evidence shows that another colored man remained at the station following the assault. Defendant also testified that after he had driven Jordan a short distance he asked him to get out of the car because he was afraid he (defendant) would "get in trouble" riding Jordan around.

The fact that defendant drove Jordan by his residence, then by Jordan's residence, and let him out near a pasture field, warranted the jury in discrediting defendant's testimony that he left the filling station because he was afraid of the crowd, and that he let Jordan out of the car because he was afraid he (defendant) would become involved. Defendant's movements, and also the threat made a short time before the assault, indicate that he was more than an innocent bystander. The jury could well believe that defendant not only intended to aid Jordan escape, but did all in his power to do so. Under the facts and circumstances we cannot say that the evidence preponderates in favor of the innocence of defendant.

At the hearing when the State offered to prove the indictment and the verdict against Jordan, defendant objected unless the district attorney general agreed to furnish certified copies in the event of an appeal. This was agreed to.

Properly identified certified copies of the indictment and of the minutes showing that the jury found Jordan guilty of assault with intent to commit murder in the second degree and fixing his punishment at confinement in the penitentiary from one to five years are in the record.

When this evidence was introduced the trial court instructed the jury at the request of defendant, that

"the fact that Jordan was convicted and sentenced to the penitentiary, has no bearing on this case."

The trial court instructed the jury in his charge that they must find, among other things, that Jordan had been convicted of felonious assault with intent to commit murder in the second degree before they could convict the defendant.

It is insisted by defendant that the conviction of the principal was not shown by the introduction of the judgment approving the verdict and pronouncing sentence upon Jordan.

"A person who, after the commission of a felony, harbors, conceals, or aids the offender, with intent that he may avoid or escape from arrest, trial, conviction, or punishment, having knowledge or reasonable ground to believe that such offender is liable to arrest, has been arrested, is indicted or convicted, or has committed a felony, is an accessory after the fact." Williams' Code, Section 10764.

This statute contemplates that in a separate trial of an accessory after the fact without his principal, it must be shown that his principal has been tried and convicted. *State* v. *Rogers*, 65 Tenn. 563. In case of trial of an accessory before the fact, he may be prosecuted and convicted without regard to whether the principal felon has been previously convicted. Williams' Code, Section 10761.

The State concedes that the authorities are in conflict whether it is sufficient to show a verdict of guilt as to the principal, or whether it is necessary to show that judgment was entered upon the verdict.

Judgment must be entered on the verdict to make the record of the principal's conviction admissible.

Wharton's Criminal Evidence (11th Ed.), Vol. 2, Section 842, p. 1450.

However this may be, it was the duty of defendant, when evidence as to the indictment and verdict was offered, to object on the ground that they were not the best evidence. "It is said that the attention of the Court was called to the fact that the evidence offered was not the best that could be obtained, and he was requested to charge upon this feature of the case that the evidence must, therefore, be rejected. But the question cannot be raised in the charge only, and no objection having been made to the evidence when offered, it must stand as not excepted to." *Boston Marine Insurance Co.* v. *Scales,* 101 Tenn. 628, 632, 49 S. W. 743, 744.

The only objection interposed to the introduction of the indictment and verdict agaist the principal, was that the State should furnish certified copies in the event of an appeal. This was agreed to and was done. No further or other objection was made. There was no objection that the conviction of the principal was not proven by the best evidence.

". . . the trial proceeded, and the testimony was all permitted to go to the jury without any objection whatever made to it. We have repeatedly held that a party cannot, either in a civil or criminal case, sit by and not object to testimony, take his chance of acquittal or conviction on testimony deemed incompetent, and then ask a reversal for such testimony in this court." *Cantrell* v. *State,* 2 Shan. Tenn. Cas. 249. See *Troxell* v. *State,* 179 Tenn. 384, 166 S. W. (2d) 777.

The reason for the rule above announced is that the opposite party may be given an opportunity to act advisedly and not be entrapped into error after it is too late

to remedy the matter by introducing other evidence which might be done upon specific objection. *Crane* v. *State,* 94 Tenn. 86, 28 S. W. 317; *Patterson* v. *State,* 184 Tenn. 39, 195 S. W. (2d) 26.

Furthermore, this conviction must be sustained upon another ground. It was the duty of the trial judge to pronounce judgment after the verdict if the judgment was not arrested, or a new trial was not granted. Williams' Code, Section 11761.

It is presumed on appeal, as to matters not fully disclosed by the record, that officers charged with a duty have performed it. *Sells* v. *State,* 156 Tenn. 610, 4 S. W. (2d) 349.

We find no merit in any of the assignments of error, and the judgment of the lower court must, therefore, be affirmed.

All concur.