Benny L. Collins, Plaintiff in Error,

*v.*

State of Tennessee, Defendant in Error.

416 S.W.2d 766.

(*Knoxville,* September Term, 1966.)

Opinion filed June 16, 1967.

LEE ASBURY, Jacksboro, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and THOMAS E. Fox, Assistant Attorney General, Nashville, for defendant in error.

J. H. McCARTT, District Attorney General, Wartburg, prosecuted the case for the State in the trial court.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Criminal Court of Campbell County, Tennessee. The parties will be referred to herein as they appeared in the trial court; that is, plaintiff in error, Benny L. Collins, as defendant, and defendant in error as the State.

On February 23, 1966, the defendant was indicted for the crime of embezzlement. He was tried on April 12, 13, 14 and 15, 1966, and found guilty as charged in the indictment. The jury fixed his punishment at not more than three years in the State Penitentiary. Judgment was en-

tered in accord with the jury's verdict, sentencing the defendant to not less than nor more than three years in the State Penitentiary. Motion for a new trial was timely made and overruled. Appeal has been perfected to this Court.

The defendant's assignments of error are as follows:

"1. The Honorable Trial Court erred in approving the verdict of the jury, thereby overruling grounds 1 and 2 of defendant's motion for a new trial, for the reason that the proof introduced in this cause does not establish the guilt of the defendant beyond a reasonable doubt.

2. That the Honorable Trial Court erred in refusing to permit the defendant to introduce Bank records by proper Bank Officials showing the volume of money which Charles Thomas Lewis and Robert Kilgore had passed through a joint account and that the Court further committed reversible error in this matter by taking it upon himself to refuse to permit the introduction of this evidence in the absence of any objection from the State.

3. The Honorable Trial Court erred in making comments during the trial upon the introduction of evidence which comments were made in the presence of the jury and were very highly prejudicial to the defendant.

4. The Honorable Trial Court erred in permitting States witnesses to testify about other crimes than the one charged in the indictment."

The defendant was employed as the Assistant Manager of the Branch of Security Finance Corporation, in La-

Follette, Tennessee. According to the audit reports for the year 1965, approximately $52,000.00 was missing from the assets of this Branch.

It will only be necessary for this Court to consider the defendant's third assignment of error. In support of this assignment of error, it is insisted that the trial court erred in questioning the defendant, at length, concerning certain matters about which he testified. The two incidents referred to in this assignment of error pertain to numerous questions asked by the trial judge of the defendant, concerning (1) his signature as a witness on certain applications for insurance, and (2) the manner in which he received money from his father. The first subject related to applications for insurance in connection with certain alleged fictitious loans, by means of which the defendant, employee, obtained his employer's funds. The second relates to an effort by the defendant to explain how, during the course of his employment, he expended an amount of money considerably in excess of his earnings.

The questions asked by the court regarding these two matters were asked in a manner most hostile toward the defendant. They constitute a quite rigid cross-examination of the defendant by the trial judge. Such conduct on the part of the trial judge was clearly erroneous, and requires reversal. This Court, in *Parker v. State* (1915) 132 Tenn. 327, 178 S.W. 438, L.R.A.1916A, 1190, said the following:

"While it is true that the judge may ask questions now and then for the purpose of clearing up points that seem obscure, and supplying omissions, which the interests of justice demand, it is not proper that he conduct an extended examination of any witness, and

particularly a prisoner on trial for his liberty or his life. Such a practice, if tolerated by this court, would be far more hurtful to the administration of justice than the escape of many prisoners. It is essential that trials shall be managed fairly, and that trial judges shall not only be just to both sides, but that they shall observe in their demeanor an even tenor, so that an impartial state of mind may be apparent to all concerned.''

The examination of this defendant by the trial judge went far beyond an attempt on his part to clear up obscure points in the testimony of the defendant. It is our opinion that the questions propounded by the trial judge are the type proscribed by the opinion of this Court in *Parker v. State,* supra.

It might be mentioned that, after carefully examining the record, we find it somewhat vague as to defendant's guilt of the crime of embezzlement. There is doubt that the defendant misused funds acquired by him from a third party (that is, someone other than his employer) and received by him in trust for his employer.

The judgment of the trial court is reversed and the cause remanded for a new trial.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.