## JIMMY HUDGINS, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

### 458 S.W.2d 627.

Court of Criminal Appeals of Tennessee. June 29, 1970.

Certiorari Denied by Supreme Court Sept. 8, 1970.

Conrad Finnell, Cleveland, for plaintiff in error.

David M. Pack, Atty. Gen., W. Collins Bonds, Asst. Atty. Gen., Nashville, Tom J. Taylor, Dist. Atty. Gen., Athens, Earle G. Murphy, Asst. Dist. Atty. Gen., Cleveland, for defendant in error.

## OPINION

WALKER, Presiding Judge.

Jimmy Hudgins, the defendant below, was jointly indicted with Cletus Hughes for grand larceny of some golf clubs and equipment and a television set. After the trial judge granted his motion for a severance, he was tried and found guilty with punishment fixed by the jury at three years' imprisonment in the penitentiary. From that sentence he appeals to this court.

Testifying for the State, Hughes said that he, the defendant and one Charles Sharp at midnight, February 21 or 22, 1969, rode in the defendant's car to the Rolling

Hills Golf Course in Bradley County. They broke into the pro shop and stole golf clubs, shoes, balls and a television set. He and the defendant sold the television set to Doyle Anderson.

Anderson testified that he bought the television set, some golf clubs and shoes from the defendant for $54. When he learned of the burglary, he took these goods to the sheriff's office.

Glen Paul Calhoun testified that he purchased a number of golf balls from the defendant for $24. Hughes was with the defendant at the time of the sale. Calhoun gave the balls to his employer. When they found that the golf shop had been burglarized, the employer returned the stolen merchandise to the owner.

The defendant did not testify or offer any proof.

By his first assignment of error, the defendant says the court erred in refusing to order the state to make available to him the written statement of Hughes after the state had announced that it would use him as a witness. He contends that he was hampered in his cross-examination because he had not been given an opportunity to inspect the statement.

At the beginning of the trial, the defendant moved that the State produce Hughes' statement for his inspection. The trial judge denied his application. After Hughes testified, the defendant renewed his motion and at that time he was furnished the statement and had it for cross-examination.

T.C.A. § 40-2441 providing for copies of confessions or admission against interest to be furnished de-

fendants does not apply to statements of other persons. Morrison v. State, 217 Tenn. 374, 397 S.W.2d 826.

■ T.C.A. § 40-2044 provides for the discovery of certain books, papers and documents but it does not authorize the inspection of the statement of a witness other than the defendant.

■ The defendant had a full and adequate opportunity by cross-examination to show any inconsistencies and omissions in Hughes' previous statement and his testimony on direct examination. This assignment is overruled.

■ We do not think the trial judge's interrogation of witnesses exceeded the rules set out in English v. State, 219 Tenn. 568, 411 S.W.2d 702, and Collins v. State, 220 Tenn. 275, 416 S.W.2d 766. He is not a prosecutor or a defender but has the function to see that justice is done between all parties. The scope of cross-examination is within the court's discretion and will not be interfered with in the absence of abuse.

The defendant attacks the court's instructions on the presumption from unexplained possession of recently stolen goods. He relies on the "rational connection test" announced in Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). *Tot* struck down a congressionally manufactured presumption in which there was no rational connection between the fact proved and the fact presumed. In United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210, the court found a statutory presumption so strained as to be constitutionally infirm.

■ In this state we follow the generally approved

rule that the unexplained possession of recently stolen goods may warrant an inference that the possessor has stolen them. Tackett v. State, Tenn., 443 S.W.2d 450; Smith v. State, Tenn.Crim.App., 451 S.W.2d 716. This assignment is overruled.

■ The defendant was not charged with receiving and concealing stolen goods. He submitted a special request asking the court to charge the statutory definition of those offenses and saying that they were different from larceny. The court declined the request. The proof did not raise any issue about these offenses and this assignment is without merit. An accused is entitled to an affirmative instruction on every issue raised by the proof. Lester v. State, 212 Tenn. 338, 370 S.W.2d 405. This means facts put in controversy by the pleadings. Taylor v. State, 212 Tenn. 187, 369 S.W.2d 385. See also Graham v. State, 218 Tenn. 453, 404 S.W.2d 475.

All assignments are overruled and the judgment of the lower court is affirmed.

HYDER and DWYER, JJ., concur.