Jimmie PIQUE, Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Feb. 22, 1973.

Certiorari Denied Aug. 6, 1973.

---

Robert W. Ritchie and R. Franklin Norton, Knoxville, for plaintiff in error.

David M. Pack, Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, Ralph E. Harwell and John T. O'Connor, Asst. Dist. Attys. Gen., Knoxville, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendant, Jimmie Pique, appeals in error from his conviction of first degree murder of Willie Bolden and sentence to 99 years in the penitentiary.

Pique shot Bolden twice in the back of the head and four or five times in the back while Bolden was in bed at the home of Mary Helen Weaver in Knoxville. Bolden was apparently lying face down at the time of the fatal shots.

The state's proof, which the jury accepted, showed that about 3:00 A.M., November 17, 1971, the defendant told others that Bolden could not shoot at his wife and get away with it and he (the defendant) was going to get Bolden. Armed with two .38 caliber pistols and accompanied by one Buddy Duncan, the defendant drove to the Weaver home, where he expected to find Bolden.

When he arrived at the Weaver home, the defendant awakened Miss Weaver, who admitted him. Shirley Ray "Sam" Bruner was sleeping on a couch and Bolden was asleep in a bedroom.

The defendant went into the bedroom and fired three or four times. He returned to the living room and told Miss Weaver, "Well, I'm going to make damn sure well that Willie is dead." He went back into the bedroom and fired several more times. He first told Miss Weaver that she was next because she was a witness. When he saw Bruner had fled, he then told Miss Weaver to tell the police that the defendant came in and found Willie like that; if she did not tell this, he (the defendant) would kill her or have her killed. He said, "Nobody runs over me or my wife," and "There's another one on·my list."

Testifying in his own behalf, the defendant said he and Bolden were good friends and that he went to see Bolden at the request of one Horace Jones to undertake to get Bolden to return the money Jones had paid for a television set to which Bolden did not have a good title. When the defendant arrived at the Weaver home, Miss Weaver woke Bolden. The defendant testified Bolden ran his hand under a pillow and pulled out a pistol. He wrestled with Bolden over the gun and Bolden fired several times, the bullets striking the wall. The defendant then got his pistol and shot Bolden in self-defense. He denied any threats about Bolden or to Miss Weaver.

The defendant first assigns as error the court's refusal to allow the defendant or the court to examine written statements of all the state's witnesses to determine whether they contained exculpatory information material to the defendant.

■ Discovery in criminal cases is limited by T.C.A. Sections 40–2044 and 40–2441. State v. Dougherty, Tenn., 483 S.W.2d 90; West v. State, 3 Tenn.Cr.App. 671, 466 S.W.2d 524. These statutes on discovery do not apply to statements of persons other than the defendant. Hudgins v. State, 3 Tenn.Cr.App. 148, 458 S.W. 2d 627. This assignment is overruled.

The defendant contends the court erred in permitting the state to cross-examine the defendant's witness, Buddy J. Duncan, about an indictment for accessory after the

fact of first degree murder. The defendant complains that the question violated the principle that in testing credibility indictments or accusations may not be utilized.

Duncan was charged with being an accessory after the fact to the crime for which the defendant was on trial. If the defendant, Duncan's principal, was acquitted, then Duncan could not be convicted as an accessory after the fact. Wilson v. State, 190 Tenn. 592, 230 S.W.2d 1014. Proof of the indictment was not offered to show his moral turpitude but to show Duncan's interest in the prosecution.

■ A witness in a criminal prosecution may be asked if he is not under indictment for a crime growing out of the same transaction as the case in which he is a witness, for the reason that the questions are designed to show the interest or bias of the witness in the case on trial. See 58 Am. Jur. Witnesses Sec. 755; 98 C.J.S. Witnesses § 545; Underhill's Criminal Evidence, 5th Ed., Sec. 246, Page 628. See also Maxwell v. State, 50 Tenn. 420, where the court holds that the motive of a witness to forestall a prosecution against himself is a circumstance to be weighed in considering the effect of his evidence. This assignment is without merit.

The defendant says the court erred in permitting the state to cross-examine the defendant on prior criminal convictions that were irrelevant to the issue of his veracity and were likely to prejudice the jury.

On cross-examination of the defendant, the assistant district attorney general asked him about convictions for burglary, larceny, third degree burglary and larceny of an automobile. The defendant admitted all but the last charge, saying he was not sentenced in that case. His counsel on redirect examination brought out the fact that the defendant had never been convicted of a crime involving physical violence. He asserts that these convictions are irrelevant to the defendant's theory of self-defense. The defendant urges that the rule permitting proof of convictions involving moral turpitude is prejudicial and should be abolished.

■ In McGee v. State, 206 Tenn. 230, 332 S.W.2d 507, our Supreme Court held that it was proper to ask a defendant on cross-examination about prior convictions involving moral turpitude. Burglary, larceny and third degree burglary are crimes involving moral turpitude and those convictions admitted by the defendant were properly considered on the issue of his credibility.

The evidence abundantly sustains the conviction. All assignments are overruled and the judgment is affirmed.

MITCHELL and O'BRIEN, JJ., concur.