**Jackie Marie WEBSTER, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Oct. 7, 1976.

Certiorari Denied by Supreme Court Dec. 13, 1976.

Dorothy B. Stulberg, Oak Ridge, for appellant.

R. A. Ashley, Jr., Atty. Gen., Robert B. Littleton, Asst. Atty. Gen., Nashville, James B. Scott, Dist. Atty. Gen., Clinton, for appellee.

OPINION

DWYER, Judge.

Two questions are presented to this court in the assignments of error filed by court appointed counsel contesting the validity of the judgment of the trial court without the intervention of a jury finding the appellant, Jackie Marie Webster, guilty of being an accessory after the fact, T.C.A. 39–113, with punishment of confinement for not less than one year nor more than one year. The assignments of error are that the evidence is insufficient and that the State failed to prove venue.

The evidence from our review reflects that the appellant was with Johnny Howard and Johnny Allen Dougherty on the afternoon of June 26, 1975 when Dougherty robbed the E–Z Mart Store located in Anderson County on Highway 61. Prior to this holdup the appellant was observed in a car which pulled up in front of the Trading Post, a business house next to the E–Z Mart. She was in the front seat, but alighted after a conversation with the male driver, Dougherty, who also got out of the car. The appellant went into the Trading Post, accompanied by Dougherty, purchased some earrings and then returned to the car. Johnny Howard, who had been in the back seat of the car, took the driver's position when Dougherty and appellant left the car. The owner of the Trading Post, upon becoming suspicious of the actions and behavior of the car's occupants, wrote down the license number of the automobile. After

Dougherty had reentered the car and it had left the area, the E–Z Mart employee notified the owner of the Trading Post of the armed robbery with resulting disclosure by that individual of the license number and description of the car and its occupants.

A short time later, the report of the robbery and the description of the vehicle involved having been relayed over the police network, the sheriff of Anderson County saw the car and a high speed chase ensued. The car successfully eluded the officer and was located later in Anderson County abandoned in front of Dougherty's parents' home.

The appellant's statement given after her arrest and introduced into evidence to the Anderson County officers on July 3, 1975, which corresponds substantially with her testimony reflects that she had met the two men earlier in Knoxville; that she accompanied them to Anderson County; that when Dougherty made a statement he was going to get some money she could not get out of the car; that she saw he had a gun when they stopped in front of the trading post and felt she had no choice but to stay with them; that she had no knowledge that he was going to commit a robbery and that when the officers pursued them at a high rate of speed she could not get out of the car; that she was forced to stay with Dougherty that same night in Knoxville by three "dudes" who got her away from her boy friend; and that she was forced to go with him to the airport. In summation, she was an unwilling participant with no prior knowledge of any criminal intent of Dougherty.

The certified copy of Dougherty's guilty plea to committing the offense of armed robbery with punishment of confinement for ten years was introduced into evidence by the State.

The first argument ably advanced here and at the trial level on behalf of the appellant is that there is no evidence of any criminal intent shown by the evidence that the appellant harbored, concealed or aided

Dougherty to escape from arrest which would make her guilty of being an accessory after the fact as proscribed by the statute. We think that intent is a matter for the jury (here, the court) and may be inferred from all of the facts and circumstances. *Hall v. State,* Tenn., 490 S.W.2d 495, 496 (1973). In other words, the court could infer that appellant had the intent to aid Dougherty in his escape after the robbery from the circumstances narrated in our summation of the evidence. The appellant accompanied Dougherty to the scene of the robbery, she knew he was armed and she could have stayed in the Trading Post, but instead, she was in the car with the motor running when the robbery was committed. She was in the car when the high speed chase occurred, she knew Dougherty had money on him, she stayed outside the hotel while he registered that night in Knoxville and she accompanied him to the airport the next day. We think these circumstances are ample facts from which the court could discredit her testimony as to not knowing of the robbery and being forced to accompany Dougherty during his flight.

The trial court saw and heard the testimony of the witnesses. His verdict endorsed the theory of the State that the appellant by accompanying Dougherty in his flight was aiding him to escape from the robbery. *Wilson v. State,* 190 Tenn. 592, 595, 230 S.W.2d 1014 (1950). We view his findings and credit those findings with the weight of a jury's verdict. *Bratton v. State,* Tenn.Cr.App., 477 S.W.2d 754, 756 (1971).

The burden is upon the appellant to show here that the evidence preponderates against his findings. We do not think she has carried that burden. The evidence is sufficient. The assignment relating thereto is overruled.

With the locus criminis of the armed robbery being in Anderson County, the venue for that crime is, of course, there. With the acts of the appellant, which we have held to be sufficient to make her an accessory after the fact, occurring in both counties, Anderson and Knox, venue is in either county. T.C.A. 40–105. We think, accordingly, that probative force should be allowed the acts of appellant in relation to Dougherty in Knox County, as reflecting on the state of mind of the appellant during this entire episode. This assignment is overruled.

The judgment of the trial court is affirmed.

DUNCAN, J., and ERNEST PELLEGRIN, Special Judge, concur.