STATE of Tennessee, Appellee,

v.

Richard Auten HOWELL, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

June 19, 1985.

Permission to Appeal Denied by Supreme Court Sept. 3, 1985.

W.J. Michael Cody, Atty. Gen., Robin J. Mitchell, Asst. Atty. Gen., Nashville, David G. Dake, Asst. Dist. Atty. Gen., Knoxville, for appellee.

Ray E. Cate (trial), Randall E. Reagan (appeal), Douglas A. Trant, Knoxville, for appellant.

## OPINION

WALKER, Presiding Judge.

The defendant, Richard Auten Howell, appeals as of right his conviction by a jury of the offenses of armed robbery, carrying a weapon with intent to go armed and driving a motor vehicle while under the influence of an intoxicant. He was sentenced to 20 years' imprisonment in the state penitentiary for armed robbery, 11 months and 29 days' imprisonment in the Knox County Penal Farm for carrying a weapon with the intent to go armed, and 11 months and 29 days' imprisonment in the Knox County Penal Farm for driving while under the influence of an intoxicant. The court ordered these sentences to be served concurrently.

■ The defendant raises five issues on appeal, the first of which challenges the sufficiency of the evidence to support the verdict of the jury. He contends that his intoxication at the time of the armed robbery was so great that he lacked the mental capacity to form the specific intent required for armed robbery.

The testimony of the state's witnesses does not support the defendant's claim. The victim testified the defendant did not slur his speech, sway or appear to be highly intoxicated while he robbed her. The defendant pointed a gun at her and de-

manded money. She gave him all the cash she had, four quarters and some pennies. During the robbery the victim's purse spilled on the street and the defendant bent over to help her collect the items. He did not stumble or fall.

The arresting officer observed the defendant about one hour later making a U-turn and running over a curb onto the sidewalk. The officer found a gun similar to the one used at the robbery on the defendant. He stated the defendant had a moderate smell of alcohol, was not confused or incoherent, but his speech was slurred. Although the breathalyzer test administered to the defendant showed a breath alcohol level of .19, he threatened to kill the victim if she left the robbery scene before he did. He also threatened to kill her if she did not give him her money.

Where the sufficiency of the evidence is challenged, the relevant question for the appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 2782, 61 L.Ed.2d 560 (1979). The evidence of the defendant's intoxication was clearly insufficient to show that the defendant was intoxicated to the extent that he lacked the mental capacity to form the specific intent of armed robbery. The failure of the defendant to later remember committing the offense, when accused, is in itself no proof of the mental condition when the crime was performed. *Thomas v. State,* 201 Tenn. 645, 301 S.W.2d 358 (Tenn.1957).

■ The defense of intoxication negating specific intent is a question for the jury upon receiving proper instructions. *State v. Givens,* 631 S.W.2d 720 (Tenn.Cr.App. 1982); *State v. Adkins,* 653 S.W.2d 708 (Tenn.1983).

■ The defendant also challenges the sufficiency of the trial judge's instruction to the jury on intoxication and specific intent. The instruction given was that the

specific intent necessary to commit the crime is the intent to "rob the alleged victim." The defendant alleges the instruction should have been that the defendant actually "intended for his acts to have the result of permanently depriving the alleged victim of her property." The practical difference between these instructions is of no significance as there was not any suggestion of proof that the defendant did not intend to permanently deprive the victim of her property.

The defendant also maintains that the trial court erred by failing to instruct the jury on lesser included offenses. The court instructed the jury on armed robbery and robbery. By an oral request, the defendant asked the court to charge the jury on simple assault and assault with intent to commit robbery as lesser included offenses of armed robbery. He now says the court should have instructed the jury on aggravated assault, petit larceny and assault and battery.

■ The trial court is not required to instruct the jury on lesser included offenses where there is no evidence to support a finding of guilt on the lesser offenses. *State v. Mellons,* 557 S.W.2d 497 (Tenn.1977); *Good v. State,* 69 Tenn. 293, 294–296 (1878); *Whitwell v. State,* 520 S.W.2d 338 (Tenn.1975). The evidence in the present case clearly shows the defendant used a gun to rob the victim of her money, not simple assault. The court did not err in failing to instruct on lesser included offenses.

■ Defendant also maintains the trial judge erred in questioning the state's witness. At the close of the state's redirect examination of the witness, the trial court inquired:

"THE COURT: Why did you give him (defendant) the money?

THE WITNESS: Because it was lying out there, and that was all I had. I would not—

THE COURT: No, I do not mean that. Well, if you had had more money, why

would you have given it to him, under the circumstances?

THE WITNESS: Because he had a gun."

These facts were already in evidence. It is true that the judge may ask questions now and then for the purpose of clearing up points that seem obscure and supplying omissions. *Collins v. State*, 220 Tenn. 275, 416 S.W.2d 766 (1967). We find no merit in the defendant's claim.

The last issue on appeal is the trial judge improperly commented on the evidence in the presence of the jury. The trial judge, while sustaining an objection, stated: "Well, you can ask him (defendant), if, after he committed an armed robbery, if he would try to get away from a police officer." This statement is clearly a supposition evidenced by the word "if" and is not an improper comment by the judge. We likewise do not think it invades the province of the jury.

We find all issues on appeal to be meritless and affirm the conviction.

BYERS, J., and JOHN D. TEMPLETON, Special Judge, concur.