IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1997 SESSION

**FILED**

**January 7, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | |
| | ) | No. 01-C-01-9701-CR-00008 |
| | ) | |
| | ) | Sumner County |
| v. | ) | |
| | ) | Jane W. Wheatcraft, Judge |
| | ) | |
| | ) | (Accessory after the Fact to |
| | ) | Second Degree Murder) |
| ROBERT ALLEN McKENZIE, | ) | |
| | ) | |
| APPELLANT. | ) | |

FOR THE APPELLANT:

Justin Johnson
Attorney at Law
2131 Murfreesboro Road, Suite 205
Nashville, TN 37217

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Ellen H. Pollack
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Tom P. Thompson, Jr.
District Attorney General Pro Tempore
P.O. Box 178
Hartsville, TN 37074-0178

John D. Wootten, Jr.
Assistant District Attorney General
P.O. Box 178
Hartsville, TN 37074-0178

OPINION FILED:_____

REVERSED AND DISMISSED

Joe B. Jones, Presiding Judge

# OPINION

The issue which this court must resolve is whether the statute of limitations commences in an accessory after the fact prosecution when (a) the crime is committed or (b) the principal offender is convicted. The trial court found the statute of limitations does not commence until the principal offender is convicted. The defendant contends the statute of limitations commences when the crime of accessory after the fact is committed. After a thorough review of the record, the briefs submitted by the parties, and the law pertaining to the issue presented for review, it is the opinion of this court the statute of limitations commenced to run in this prosecution for accessory after the fact when the offense was committed. Therefore, the judgment of the trial court is reversed and the prosecution is dismissed since the prosecution was barred by the statute of limitations.

On the evening of February 20, 1989, Lonnie Malone was murdered in Sumner County. The investigating officers suspected Robert Spurlock and Ronnie Marshall murdered Malone. However, the officers were unable to find any evidence which linked either Spurlock or Marshall to the murder. Approximately fourteen months after the murder, the officers obtained a series of statements from Henry Junior "Skully" Apple. The statements were taken between April 27, 1990, and April 30, 1990. Apple's statements linked Spurlock and Marshall to Malone's murder. The Sumner County Grand Jury indicted Spurlock and Malone on May 9, 1990, for first degree murder.

Spurlock and Malone were tried separately. Both were convicted of first degree murder and were sentenced to life in the Department of Correction. This court reversed both convictions and remanded both cases to the trial court for a new trial.[1] Spurlock was tried a second time. He was convicted of murder in the second degree. While Spurlock's case was pending in this court, the district attorney general pro tempore discovered neither Spurlock nor Marshall murdered Malone. In September of 1995, an investigation revealed that Michael Dancer, Billy Perry, and the defendant were involved in Malone's murder in some manner. Shortly thereafter, the prosecutions against Spurlock and Marshall were

---

[1]State v. Spurlock, 874 S.W.2d 602 (Tenn. Crim. App.), per. app. denied, (Tenn. 1993); State v. Marshall, 845 S.W.2d 228 (Tenn. Crim. App.), per. app. denied, (Tenn. 1992).

terminated.

The Sumner County Grand Jury returned a presentment charging Michael Dancer with first degree murder for killing Malone. On March 5, 1996, the grand jury returned a presentment charging the defendant with the offense of accessory after the fact to first degree murder. The relevant portion of the presentment states:

> ROBERT ALLEN McKENZIE heretofore on or about the 20th day of February, 1989, . . . after the commission of the felony of murder by Michael Dancer, and with knowledge or reasonable ground to believe that Michael Dancer committed said felony, and with intent to hinder the arrest, trial, conviction or punishment of Michael Dancer, did unlawfully and feloniously provide and aid in providing Michael Dancer with means of avoiding arrest, trial, conviction or punishment, and thus committed the offense of accessory after the fact of a felony.

The defendant filed a motion to dismiss the presentment on the ground the prosecution for the offense alleged in the indictment, accessory after the fact, was barred because the statute of limitations had expired. When the trial court denied the motion, holding the statute of limitations for this offense commenced when Dancer was convicted of murder in the second degree, the defendant entered into a plea agreement with the State of Tennessee. Subsequently, the defendant entered a plea of guilty to accessory after the fact to second degree murder, a Class E felony. The trial court found the defendant was a Range I standard offender and imposed a Range I sentence of confinement for two (2) years in the Department of Correction in conformity with the plea agreement. The sentence in this case was to be served concurrently to a sentence the defendant was serving for the commission of an unrelated offense. The assistant district attorney general and the trial court agreed to permit the defendant to reserve a certified question of law, whether the prosecution was barred by the statute of limitations.[2]

The record reveals that Dancer, the principal, was convicted of murder in the second degree after pleading guilty to the offense. This conviction occurred approximately two months prior to the hearing on the defendant's motion to dismiss the presentment.

---

[2]Tenn. R. Crim. P. 37(b)(2)(i); Tenn. R. App. P. 3(b)(2).

## I.

Prior to the enactment of the Tennessee Criminal Sentencing Reform Act of 1989, being an accessory after the fact to a felony was a criminal offense.[3] The punishment for this offense was a fine not to exceed $1,000 and confinement in the penitentiary for a term not to exceed five (5) years, or, in the discretion of the trial court, confinement in a county workhouse or jail for a term not to exceed one (1) year.[4]

The offense of accessory after the fact was a separate and distinct crime from the felony committed by the perpetrator of the felony.[5] Accessory after the fact was not a lesser included offense of the felony committed by the perpetrator of the crime.[6]

Before an accused could be convicted of being an accessory after the fact to a felony, the State of Tennessee was required to prove the elements of the offense beyond a reasonable doubt. The elements of the offense were:

1.) A felony was committed by the principal offender;[7]

2.) All of the elements of the felony had been consummated;[8]

3.) The accused knew or there was a reasonable basis for the accused to believe the principal offender committed the offense and was subject to being arrested, indicted, or convicted of the felony;[9]

4.) The accused harbored, concealed, or aided the principal offender;[10]

5.) The intent of the accused in assisting the principal offender was for the purpose

---

[3]Tenn. Code Ann. § 39-1-306 (Repl. 1982).

[4]Tenn. Code Ann. § 39-1-307 (Repl. 1982).

[5]Monts v. State, 214 Tenn. 171, 192, 379 S.W.2d 34, 43 (1964); State v. Hoosier, 631 S.W.2d 474, 476 (Tenn. Crim. App.), per. app. denied, (Tenn. 1982); see Pennington v. State, 478 S.W.2d 892, 897 (Tenn. Crim. App. 1971), cert. denied, (Tenn. 1992) ("An accessory after the fact is not an accomplice.").

[6]State v. Hodgkinson, 778 S.W.2d 54, 63 (Tenn. Crim. App.), per. app. denied, (Tenn. 1989); Hoosier, 631 S.W.2d at 476.

[7]Tenn. Code Ann. § 39-1-306 (Repl. 1982).

[8]Baker v. State, 184 Tenn. 503, 506, 201 S.W.2d 667, 668 (1947).

[9]Tenn. Code Ann.§ 39-1-306 (Repl. 1982).

[10]Tenn. Code Ann. § 39-1-306 (Repl. 1982).

of helping him avoid or escape arrest, trial, conviction or punishment;[11] and

6.) The principal offender was convicted of the felony.[12]

In this case, the defendant admitted these elements of accessory after the fact existed when he entered his plea of guilty to the offense. This court must now consider when the statute of limitations commenced in this case.

## II.

As previously stated, the crime of accessory after the fact is a felony. The maximum punishment for this offense was a fine not to exceed $1,000 and confinement in the Department of Correction for a term not to exceed five (5) years.[13]

The statute in effect when this offense was committed provided that the prosecution for crimes punishable by confinement for a term not to exceed five (5) years was required to be commenced within two (2) years.[14] The statute provided:

> (a) Any person may be prosecuted, tried and punished for any offense punishable with death or by imprisonment in the penitentiary during life, at any time after the offense shall have been committed.
>
> (b) Prosecutions for any offense punishable by imprisonment in the penitentiary when the punishment is expressly limited to five (5) years or less, shall be commenced within two (2) years next after the commencement of the offense. . . .
>
> * * * * *
>
> (c) Prosecution for any offense punishable by imprisonment in the penitentiary other than as specified in subsection (a) or (b), shall be commenced within four (4) years next after the commission of the offense.

In the context of this case, the relevant language of the statute is "shall be

---

[11]Tenn. Code Ann. § 39-1-306 (Repl. 1982). The question of intent is a matter to be decided by the trier of fact from the evidence and reasonable inferences which may be drawn from the evidence. Webster v. State, 544 S.W.2d 922, 924 (Tenn. Crim. App.), cert. denied (Tenn. 1976).

[12]Wilson v. State, 190 Tenn. 592, 596, 230 S.W.2d 1014, 1016 (1950)

[13]Tenn. Code Ann. § 39-1-307 (Repl. 1982).

[14]Tenn. Code Ann. § 40-2-101 (Repl. 1982).

commenced within two (2) years <u>next after the commission of the offense</u>." (Emphasis added). It must be noted that the statute does not distinguish between principal offenders, aiders and abettors, accessories before the fact, and accessory after the fact.

The determination of the certified question in this case hinges upon the intent of the Tennessee General Assembly when this statute was enacted.

## A.

The polestar of statutory construction is the intent of the legislature when a statute was enacted.[15] A court's role in the interpretation of a statute is to "ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope."[16] The common law rules of construction developed through the years are aids which assist a court in making this determination.[17]

The intent of the legislature is to be derived from the face of the statute if the verbiage contained within the four corners of the statute is plain, clear, and unambiguous.[18] In other words, "[u]nambiguous statutes must be construed to mean what they say."[19]

In this case, the language of the statute in question is plain, clear, and unambiguous.

## B.

The word "shall" when used in a statute mandates the provisions of the statute.[20] In the context of this case, the Tennessee General Assembly required the State of

[15]<u>Owens v. State</u>, 908 S.W.2d 923, 926 (Tenn. 1995).

[16]<u>Owens</u>, 908 S.W.2d at 926; <u>see</u> <u>Hicks v. State</u>, 945 S.W.2d 706, 707 (Tenn. 1997); <u>State v. Davis</u>, 940 S.W.2d 558, 561 (Tenn. 1997); <u>State v. Sliger</u>, 846 S.W.2d 262, 263 (Tenn. 1993).

[17]<u>Roberson v. University of Tennessee</u>, 912 S.W.2d 746, 747 (Tenn.), <u>per. app. denied</u> (Tenn. 1995).

[18]<u>Austin v. Memphis Publ'g Co.</u>, 655 S.W.2d 146, 149 (Tenn. 1983).

[19]<u>Roberson</u>, 912 S.W.2d at 747.

[20]<u>See</u>, <u>e.g.</u>, <u>Blankenship v. State</u>, 223 Tenn. 158, 165, 443 S.W.2d 442, 445 (1969); <u>Stubbs v. State</u>, 216 Tenn. 567, 576, 393 S.W.2d 150, 154 (1965); <u>State v. Gauldin</u>, 737 S.W.2d 795, 798 (Tenn. Crim. App.), <u>per. app. denied</u>, (Tenn. 1987).

Tennessee to commence a prosecution punishable by imprisonment for a term not exceeding five (5) years "next after the commission of the offense." In other words, the State of Tennessee was required to commence the prosecution within two (2) years after the defendant committed the offense of accessory after the fact. Since the offense was alleged to have occurred on February 20, 1989, and the presentment was returned on March 5, 1995, it is obvious the prosecution against the defendant was not commenced within two (2) years "next after the commission of the offense" as mandated by the statute.

This court must now determine if there were any facts which tolled the running of the statute of limitations in this case.

## C.

When a prosecution is commenced by a presentment after the expiration of the statute of limitations, the State of Tennessee must allege in the presentment and prove the specific facts which the state contends tolled the running of the statute of limitations.[21] If the presentment does not allege and prove sufficient facts, or any facts, which the State of Tennessee contends tolled the statute of limitations, the accused may not be convicted of the offense alleged in the presentment. Consequently, such a presentment must be dismissed.[22]

---

[21]State v. Henry, 834 S.W.2d 273, 275-76 (Tenn. 1992); State v. Davidson, 816 S.W.2d 316, 318 (Tenn. 1991); State v. Comstock, 205 Tenn. 389, 393, 326 S.W.2d 669, 671 (1959); State v. Shaw, 113 Tenn. 536, 538, 82 S.W. 480 (1904); State v. White, 939 S.W.2d 113, 115 (Tenn. Crim. App. 1996); Morgan v. State, 847 S.W.2d 538, 542 (Tenn. Crim. App.), per. app. denied (Tenn. 1992); State v. Seagraves, 837 S.W.2d 615, 619 (Tenn. Crim. App.), per. app. denied (Tenn. 1992); State v. Tidwell, 775 S.W.2d 379, 389 (Tenn. Crim. App.), per. app. denied (Tenn. 1989); State v. Hix, 696 S.W.2d 22, 25 (Tenn. Crim. App. 1984); State v. Thorpe, 614 S.W.2d 60, 65 (Tenn. Crim. App. 1980); State v. House, 2 Shannon's Cases 610, 611 (1877).
In State v. Messamore, 937 S.W.2d 916, 919 (Tenn. 1996), the supreme court stated that if the statute of limitations was tolled by other means than an indictment, presentment, or information, this rule does not apply. Thus, if the prosecution was commenced timely by other means (e.g., an arrest warrant or an affidavit of complaint), but the charging instrument is not returned until after the expiration of the statute of limitations, the state is not required to allege why the statute of limitations was tolled.

[22]Davidson, 816 S.W.2d at 321; Comstock, 205 Tenn. at 393, 326 S.W.2d at 671; Shaw, 113 Tenn. at 538, 82 S.W. at 480; Seagraves, 837 S.W.2d at 619; Tidwell, 775 S.W.2d at 389-90; House, 2 Shannon's Cases at 611.

An accused may waive the statute of limitations as a defense.[23]  However, the waiver must be knowingly, voluntarily, and intelligently entered; and it must appear on the face of the record that the accused did in fact waive this defense.[24]  In this case, the record is devoid of any facts which would indicate the defendant waived the statute of limitations defense.  To the contrary, the defendant asserted this defense by filing a motion to dismiss the presentment on this ground.  He also reserved a certified question of law with the approval of the trial court and the assistant district attorney general so he could litigate the issue of whether the statute of limitations had expired before the presentment was returned.

Here, the presentment does not allege any facts, which, if established, would toll the commencement of the statute of limitations.  Therefore, the judgment of the trial court must be reversed and the prosecution for accessory after the fact dismissed.

## D.

The holding in this case is not intended as a criticism of General Thompson, who served as Attorney General Pro Tempore after the reversal of the convictions and remand for new trials in the Spurlock and Marshall cases.  In other words, he did not initiate the original prosecution.  The presentment in this case was submitted to the Sumner County Grand Jury after General Thompson discovered Spurlock and Marshall were not the individuals who murdered Malone.  General Thompson notified defense counsel that their respective clients did not murder the victim, the requisite pleadings were filed in the trial court, the prosecutions were dismissed as to Spurlock and Marshall, and the presentments were returned against Dancer and the defendant.

General Thompson is to be commended for his diligence in continuing to investigate the Malone murder, his frankness with defense counsel after he was satisfied their clients did not commit the murder, and his effort to prosecute those individuals who were in fact responsible for Malone's murder.  His actions in this regard showed strict compliance with

---

[23]State v. Pearson, 858 S.W.2d 879, 887 (Tenn. 1993).

[24]Id.

8

the ethics of his office and the duty of a district attorney general established by the United

States Supreme Court[25] and the Tennessee Supreme Court.[26]

_____

JOE B. JONES, PRESIDING JUDGE

CONCUR:

_____

WILLIAM M. BARKER, JUDGE

_____

JOE G. RILEY, JUDGE

---

[25]Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed.2d 1314, 1321 (1935).

[26]State v. Fields, 7 Tenn. 140, 145046 (1823); In Re Death of Reed, 770 S.W.2d 557, 560 (Tenn. Crim. App.), per. app. denied (Tenn. 1989).