Donald W. WHITMORE, Appellant,

v.

CIVIL SERVICE MERIT BOARD OF SHELBY COUNTY, Tennessee, and Shelby County Sheriff's Department, Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

March 21, 1984.

Application for Permission to Appeal Denied by Supreme Court June 25, 1984.

Alan Bryant Chambers, Memphis, for appellant.

Claudia Swafford Haltom, Asst. Shelby Co. Atty., Memphis, for appellees.

## OPINION

BROOKS McLEMORE, Special Judge.

The Administrative Review Board within the Sheriff's Department of Shelby County found Donald Whitmore guilty of violation of two rules and regulations of the Shelby County Sheriff's Department, recommended his discharge and he was fired. These rules essentially (1) forbid conduct unbecoming to an officer and (2) mandate that a member shall act in accordance with state, local and federal law.

From this departmental decision to terminate him, he appealed to the Shelby County Civil Service Merit Board which has authority "to fully hear and determine the matter and shall affirm, modify or revoke such order of discipline." That Board affirmed the discharge after hearing lengthy argument and debate by Whitmore's counsel and counsel representing the Sheriff's department and the evidence of several witnesses. This record before the Civil Service Merit Board was reviewed by the Chancery Court of Shelby County and that Court in its final decree specifically addressed all the issues presented to us here and found them to be without merit and affirmed the Civil Service Merit Board.

The matter is now before this Court to review the action of the Chancery Court.

We affirm.

The Appellant-Petitioner presents four issues:

(1) Whether Deputy Sheriff's discharge by the Sheriffs Department violated his rights upon the entry of a nolo contendere plea in a misdemeanor case; and whether the Sheriff's Department and Civil Service Merit Board drew an illegal inference from Deputy Sheriff's entry of a nolo contendere plea.

(2) Whether Deputy Sheriff's discharge violated his privileges and immunities under the misdemeanor probation or diversion program, T.C.A. § 40–2909.

(3) Whether there is evidence in the administrative record to support the Civil Service Merit Board's decision.

(4) Whether the Civil Service Merit Board erred in excluding the rebuttal witness for the reason that he had not been sequestered.

The determinative finding of the Chancery Court with which we agree is as follows:

... While there was evidence of a mistake of law in the record, such mistake of law in defining the plea of nolo contendere as the equivalent of a guilty plea was not prejudicial in light of the entire record. Such was not reversible error,

considering the facts which were presented to the Civil Service Merit Board, and on which they based their decision. The court does not find that the Board based their decision on the plea of nolo contendere, but rather the decision was based on evidence and proof presented at the hearing.

■ Though it appears that the Chancellor actually weighed the evidence and concurred with the Board which, of course, makes a stronger case for affirmance of the Civil Service Merit Board's action based upon factual matters, we point out that the scope of review of the Chancery Court and of this Court of the Board's action is that afforded by the common law writ of certiorari. T.C.A. § 27–9–114. The scope of this review is set forth in *Watts v. Civil Service Bd. for Columbia*, 606 S.W.2d 274 (Tenn. 1980), *cert. den.*, 450 U.S. 983, 101 S.Ct. 1519, 67 L.Ed.2d 818 (1981):

> Under the common law writ of certiorari, questions of law only will be reviewed by the courts. An action of an administrative agency which is not supported by any evidence is arbitrary and void and may be quashed on common law writ of certiorari. Whether or not there is any material evidence to support the action of the agency is a question of law to be decided by the reviewing court upon an examination of the evidence introduced before the agency. Any additional evidence offered to the reviewing court is limited to the question of whether the agency exceeded its jurisdiction or acted fraudulently, illegally or arbitrarily. *Hoover Motor Express Co., Inc. v. Railroad & Public Utilities Commission*, 195 Tenn. 593, 261 S.W.2d 233 (1953). *People's Bank of Van Leer v. Bryan*, 55 Tenn.App. 166, 397 S.W.2d 400 (401); *Bayside Warehouse Co. v. Memphis*, 63 Tenn.App. 268, 470 S.W.2d 375; *Brown v. Tenn. Real Estate Comm.*, Tenn.App. 1972, 494 S.W.2d 506, cert. den. 414 U.S. 877, 94 S.Ct. 54, 38 L.Ed.2d 122.

> In the trial court, under the common law writ, reversal or modification of the action of the Civil Service Board may be had only when the trial court finds that the Board has acted in violation of constitutional or statutory provisions or in excess of its own statutory authority; has followed unlawful procedure or been guilty of arbitrary or capricious action; or has acted without material evidence to support its decision. The trial court does not weigh the evidence. The scope of review by the appellate courts is no broader or more comprehensive than that of the trial court with respect to evidence presented before the Board.

*Id.* at 276–7.

The real thrust of Whitmore's argument before the Civil Service Merit Board, the Chancery Court and this Court is that he was discharged because he entered a plea of nolo contendere and was placed on probation. At one stage of the proceedings, counsel for Shelby County interpreted the plea to be the same as a guilty plea and from that point on Whitmore has insisted that the "well was poisoned" and that the basis of his discharge was bottomed on evidence that Rule 11(e)(6), T.R.Cr.P. prohibits. The Rule reads in part:

> ... (E)vidence of ... a plea of nolo contendere ... to the crime charged ... is not admissible in any civil or criminal proceeding against the person who made the plea ...

In opening statement before the Civil Service Merit Board, counsel for Shelby County made the following remarks:

> "Members of the Board, the case today involves Donald Whitmore, who is a Deputy Sheriff for the Shelby County Sheriff's Department. He has—he willingly and knowingly stole utilities from Memphis Light, Gas and Water and, as such, this is a crime. This is a crime, just as shoplifting and just as bank robbery is a crime in this state. The outcome of his case in City Court is not what is brought before this Hearing Board today, but the action that he committed and the fact that it is a reflection upon the Shelby County Sheriff's Department and Shelby County employees.

The violations of the policy and procedure that he violated, "Personal Conduct; the conduct of each member both on and off duty, is expected to be such that it will not reflect adversely on other members of the department."

In addition, he violated Rule 4.03, "Adherence to Law," that, "A member shall act in accordance with the constitutions, statutes, ordinances, administrative regulations and the official interpretations thereof, of the United States, the State of Tennessee, the County of Shelby."

The facts that will be explained to you are that Mr. Whitmore was, in fact, charged with violation of Tennessee Code—of the Tennessee Code Annotated 39–1988. You will receive a copy of that which involves tampering with utility meters ...

In the civil suit, he settled with Memphis Light, Gas and Water for six hundred dollars. Then he was charged criminally, and in that case he pled nolo contendere. In the Court, he was placed on diversion, which is a program set up for first offenders to allow them not to have to serve time in prison basically because our prisons are overcrowded.

The laws of this state and of the country reflect that for all practical purposes a plea of nolo contendere, a plea that I will not contest, is a plea of guilty.

I think there is some question, though, that the Courts—there was a problem in the Courts in that they allowed him to plead nolo contendere and then they placed him on diversion. There is an inconsistency in that, and for that reason again I don't think that the Court's ruling is necessarily probative of what we are determining here today.

Finally, I believe that if we look at the actions of Mr. Whitmore, if we focus strictly on his stealing of utility, stealing from Memphis Light, Gas and Water, and ultimately stealing from the citizens who have to pick up the tab for this, that I believe the conduct—it is a poor reflection on him as a Sheriff's Deputy; and that in order for the public to have respect for him, he must be beyond re-

proach, and that he cannot arrest someone for speeding when he, himself, is a thief. And with that in mind, we will ask the Board to sustain the termination of Mr. Whitmore for his actions as they have violated the policy and procedure of the Sheriff's Department."

Counsel for Whitmore immediately took issue with mention of plea of nolo contendere and diversion, presented the Board with a copy of Rule 11(e)(6) and T.C.A. § 40–2909 and vigorously and adamantly explained the wording of Rule 11 to the Board. The Board, composed of non-lawyers, patiently allowed both counsel to explain their positions on the point and the following statement was made by Counsel for Shelby County:

First of all, I'd like to point out that as far as my addressing of the pleading of nolo contendere, it is merely a point of fact, that there has been a plea of nolo contendere. We have not tried to say to you, take this plea and based on that plea find him—you know, terminate this man. Had we done that, frankly we simply would have rested the case. Had Mr. Whitmore pled guilty, had there been final conclusion of law, frankly it would have been a very short hearing. We could have come in and we could have said, here is the record, the record shows there was a guilty plea, a finding and complete determination of guilt, the rules and procedures say that this man should not be on the Shelby County Sheriff's Department. We really would not have needed to go any further. However, it's my reading of the nolo contendere is that you cannot use nolo contendere as the final conclusion ... What I'm saying is that the plea of nolo contendere is a fact. It's happened; the diversion has happened. These were all things, that if they don't come out on the front end, will come with Light, Gas and Water's testimony of when they were in Court with this man, or you, in your own mind, will be wondering, well, after he was arrested, what happened. So these are simply fact issues ... What you have to do

then is listen to the testimony. It's my understanding that Mr. Chambers is correct to the extent that the plea may not be used against the Defendant in a civil action based on the same act. The plea itself is not the determination. We're not saying to you because this man pled nolo contendere for whatever purposes then, therefore, terminate him; what we're saying is that's a fact that happened. No, therefore, listen to the acts, listen to the testimony, and listen to what the witnesses will say ...

Thereafter a number of witnesses testified.

The evidence shows that after receiving a tip that there was possible theft of electricity at his residence by Whitmore, the Memphis Light, Gas and Water Division, through its investigator Jimmy Burt, discovered on August 9, 1981, that the seal was broken on the electric meter at his home and that the electric meter was upside down, a condition which causes the meter to run backward. Whitmore was promptly called out to look at the meter and was advised that he should come down town at 10:00 A.M. the next morning to make arrangements to pay for electricity that had been used but not paid for. He went to the office of the Chief of the theft division of M.L.G.W. who told him that he must pay $628.00. ($600.00 was paid that day.) While there he was advised by Mr. Burt, the investigator, that a warrant had been obtained for his arrest for theft of electricity. After his arrest he was relieved from duty with pay for a period of time and then brought back in a "non enforcement type status."

After a number of continuances were granted in the City Court the case was disposed of on April 20, 1982, at which time Whitmore entered a plea of nolo contendere to the charge of tampering with a utility meter and he was placed on probation pursuant to T.C.A. § 40–21–109.

The Sheriff's department, after receiving the report of an Administrative Review Board whose members had the benefit of an internal review investigation and knew of the nolo contendere plea and probation and before which Whitmore appeared with his union representative and declined to comment, discharged Whitmore for the violations of the rules previously stated.

Captain B.J. Smith of the Sheriff's Department who was the Chairman of the Administrative Review Board testified that he knew about the nolo contendere plea but that fact was not what caused the Administrative Review Board to recommend his discharge. In testifying about this very fact, he said:

... I'm sure that the Court action came up, but the decision was based on the violation of these two policy procedures ... the investigation (of the Internal Affairs Division) was presented to the Board and the Board made the recommendation. And just exactly, I know that I thought it was a thorough investigation at the time. He went down, he got the records and the reports from Light, Gas and Water, and he got the records of the City Court. He talked to the people that was involved. And all that put together which was the report that was presented to this administrative hearing ...

... The act itself is what got him fired. If there had been insufficient evidence to convict him in Criminal Court, but there had been sufficient evidence to be sure he had actually committed these acts, then he would have been terminated regardless of the outcome in Court ...

Linda Owens, a billing researcher, testified and presented a history of the utility usage at Whitmore's residence over a three-year period, which showed remarkable discrepancies in the utility use of Whitmore. Mr. Dobbs of the theft division interpreted these meter readings and testified to Whitmore's attitude when confronted. He further testified that the most common way to steal electricity is to turn the meter upside down.

Whitmore's explanation was that he was having electric trouble at this home and that he would pull the meter out to interrupt the flow of electricity, i.e., he was

using the meter as a substitute for a main switch and it was put in upside down accidentally. He further testified that an electrician from Shelby Electric Company broke the seals and removed the meter while doing some electric work at his home. The President of Shelby Electric testified that no record of electric work could be found in his business and enquiry revealed he could find none of his men who had done such work.

■ We conclude as did the Chancellor that there is material evidence to support the finding of the Shelby County Civil Service Merit Board and that this finding was not based upon the fact that the Appellant pleaded nolo contendere but was based upon material evidence presented to the Board that would permit a finding by that Board that Whitmore had indeed done acts that had violated the rules and regulations of the Sheriff's Department. We also are of the opinion that under the circumstances of this case, the knowledge by the Civil Service Merit Board of existence of the nolo contendere plea, if error, was harmless.

■ As to the severity of the punishment adjudged by the Sheriff's Department and approved by the Civil Service Merit Board, we note that a high degree of conduct is expected from law enforcement officers. See *Watts v. Civil Service Bd. for Columbia, supra.*

■ Having thus ruled, we find it unnecessary to address the question as to the applicability of the Tennessee Rules of Criminal Procedure Rule 11(e)(6) to this type of proceeding. However, we do hold that wherever there is presented material evidence to the Civil Service Merit Board of the misconduct charged, the mere knowledge alone of the additional fact that the employee had entered a nolo contendere plea in the criminal courts cannot be used as a shield against appropriate action by Administrative Agencies and Civil Service Merit Boards. These Boards do not exist in a vacuum.

The Chancellor in his final decree states:

The court further finds that it was not error for the Sheriff's Department to consider as one of the elements of its decision the fact that Appellant and Petitioner had been placed on Misdemeanor Probation, also called Misdemeanor Diversion, pursuant to T.C.A. § 40–2909, in arriving at a decision to discharge him from Civil Service employment; and that his discharge is in no respect a violation of his rights under T.C.A. 40–2909.

Appellant contends that to draw negative inferences against Whitmore because he entered the diversion program violated his privileges and immunities under the provisions of T.C.A. § 40–2909.

■ We agree with the Chancellor as to his interpretation of the law that T.C.A. § 40–2909 does not prohibit the Sheriff's Department from considering his probation status, however, our review of the record, as we have attempted to point out in connection with the discussion of nolo contendere, reveals that there is not only material evidence but substantial evidence that neither the nolo contendere plea or probation played any significant role in the Civil Service Merit Board's affirming his discharge. There was a full hearing of evidence on the merits of the charge and though material evidence is all that is needed on appeal we are of the opinion that the preponderance of the evidence supports the finding of the Board absent any consideration of either the nolo contendere plea or the probation status of the Appellant.

There is no merit to this assignment.

With respect to the final issue, Appellant assigns as error the Civil Service Merit Board's exclusion of Sergeant Lively, Whitmore's union representative who had been present when Whitmore appeared before the Sheriff's Administrative Review Board, as a rebuttal witness because he had not been sequestered.

Appellant's contention is set forth in his brief as follows:

Appellant offered the testimony of Sgt. Lively as a rebuttal witness to Chief Smith's testimony, because Lively would

have testified to the nature and extent the Disciplinary Board considered the nolo contendere plea and diversion program as a guilty plea. His testimony was offered, but excluded by the Board because he had heard the testimony. Had Sgt. Lively been allowed to testify, Appellant would have been able to make out a stronger case to show what the use of the nolo contendere plea was.

The evidence, if received would have related to the proceedings before the Sheriff's Administrative Review Board. The action of that Review Board and the action of the Sheriff, no matter upon what that action was based, was the subject of review by the Civil Service Merit Board *de novo*. The record clearly discloses that there is material evidence that that Board made an independent finding of the violation of the rules and regulations of the Sheriff's department and that that finding was not based upon the plea of nolo contendere.

The failure to admit the evidence was harmless.

A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process. T.R.A.P., Rule 36(b).

The decision of the Shelby County Chancery Court affirming the decision of the Shelby County Civil Service Merit Board upholding the termination of Patrolman Donald W. Whitmore, is hereby affirmed.

Costs are taxed to appellant-petitioner, Donald Whitmore, for which execution may issue, if necessary.

NEARN, P.J. (W.S.), and CRAWFORD, J., concur.