IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 5, 2001 Session

## NORA DIANE MEADOWS v. TENNESSEE BOARD OF EMERGENCY MEDICAL SERVICES

### Appeal from the Chancery Court for Davidson County
No. 00-83-I     Irvin H. Kilcrease, Jr., Chancellor

No. M2001-00478-COA-R3-CV - Filed October 2, 2001

The Tennessee Department of Health Board of Emergency Medical Services found Nora Diane Meadows, Petitioner, guilty of violating rules and regulations of the Tennessee Emergency Medical Services Act, and recommended revocation of the petitioner's Emergency Medical Technician's license. Petitioner was convicted of theft under $500.00. From the Board's decision to revoke her license, she appealed to the Chancery Court for Davidson County and that court reversed the Board's decision finding that there was no proof that the petitioner's offense involved moral turpitude. We reverse the Chancellor and reinstate the judgment of the Board.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Paul G. Summers, Attorney General & Reporter; and John W. Dalton, Assistant Attorney General, Nashville, Tennessee, for the appellant, Tennessee Board of Emergency Medical Services.

Richard M. Brooks, Carthage, Tennessee, for the appellee, Nora Diane Meadows.

### OPINION

Nora Diane Meadows, the petitioner, was an Emergency Medical Technician ("EMT"). The petitioner passed an altered $100.00 bill to the clerk at the Front Runner Texaco in Gainesboro, Tennessee. On December 18, 1998, via nolo contendere, the petitioner was convicted of theft under five hundred dollars, a Class A misdemeanor pursuant to Tennessee Code Annotated section 39-14-105.

The petitioner received a Notice of Charges filed by the Tennessee Board of Emergency Medical Services seeking suspension or revocation of her EMT license. The notice alleged that the

petitioner passed an altered $100.00 bill in violation of Tennessee Code Annotated section 68-140-511 and Tenn. Comp. R. & Regs. Ch. 1200-12-1-.04(5)(a).

Tennessee Code Annotated section 68-140-511 provides:

Any person subject to regulation pursuant to this part may be subject to discipline or may be denied authorization for the following prohibited acts:

(1)     Violation or attempted violation or assisting in or abetting the violation of or conspiring to violate any of the following:

(A)     Any provision of this part;
(B)     Any rule or regulation of the board;
. . . .
(E)     *Any criminal statute of this state or the United States which involves moral turpitude* or reflects upon the person's ability to fulfill such person's responsibilities under this part;

Tenn. Code Ann. §68-140-511 (1996) (emphasis added).

Tenn. Comp. R. & Regs. Ch. 1200-12-1-.04(5)(a) provides:

(5) PROSCRIBED ACTS OF THE EMT AND EMT-PARAMEDIC.  The following acts shall be cause for revocation, suspension, or denial of certification renewal:

(a)     Violation or attempted violation, or assisting in or abetting the violation of, or conspiring to violate, any provision of this chapter, or conviction of any felony, or any offense involving moral turpitude, of the laws of the State of Tennessee, any other state or the United States.

An administrative hearing was held on October 18, 1999 before the Tennessee Board of Emergency Medical Services and an Administrative Law Judge regarding the disciplinary action of the petitioner.  An Order was entered stating in part:

FINDINGS OF FACT

1.     Nora Diane Meadows, "Respondent," at all times material hereto has possessed a license as an Emergency Medical Technician (EMT) in the State of Tennessee.

2.     On August 28, 1998 the Respondent passed an altered One Hundred Dollar ($100.00) bill.

3.     On December 18, 1998 via nolo contendere/no contest the Respondent (petitioner) was convicted of Theft under $500.00.

## CONCLUSIONS OF LAW

1.     The facts as alleged herein are sufficient to establish violation by Respondent, of the following provisions of the Tennessee Emergency Medical Services Act, (T.C.A. Section 68-140-501, et seq.) for which disciplinary action before and by the Board of Emergency Medical Services is authorized:

. . . .

## REASONS FOR DECISION

1.     It is our responsibility to uphold the rules and regulations as defined and this violates our prescribed act under Rule 1200-12-1-.04(5)(a). Therefore, we revoke this license to maintain the ethical standards of our professional.

The petitioner filed a Petition for Review of the administrative order pursuant to Tennessee Code Annotated section 4-5-322(b)(1) in the Chancery Court for Davidson County on January 7, 2000. Oral argument was heard on August 18, 2000. The Chancellor reversed the Board's decision to revoke the petitioner's EMT license holding that the record did not reflect that the petitioner's offense involved moral turpitude. The Chancellor filed a memorandum opinion stating:

The issue before the court is whether the Board's November 12, 1999 decision was unconstitutional, arbitrary and capricious and/or unsupported by substantial and material evidence.

. . . .

This Court adopts the Findings of Fact set forth by the Administrative Law Judge in the November 22, 1999 order.

. . . .

This matter is before the court on petitioner's petition for judicial review of an adverse decision made by the Board revoking her EMT license. The Board concluded that petitioner violated Tenn. Code Ann. §68-140-511 which authorized the Board to take disciplinary action when an employee violated "any criminal statute of this state or the United States which involves moral turpitude or reflects upon the person's ability to fulfill such person's responsibilities under this part." Moreover, the Board determined that petitioner violated Tenn. Comp. R. & Regs. Ch. 1200-12-1-.04(5)(a) which specifically states:

(5) PROSCRIBED ACTS OF THE EMT AND EMT-PARAMEDIC. The following acts shall be cause for revocation, suspension, or denial of certification renewal:

(a)     Violation or attempted violation, or assisting in or abetting the violation of, or conspiring to violate, any provision of this chapter, or conviction of any felony, or any offense involving moral turpitude, of the laws of the State of Tennessee, any other state or the United States.

It is clear from the record that petitioner was not convicted of a felony pursuant to the language of the Board Rules and Regulations. In fact, the crime she pled guilty to, theft of property under five hundred dollars ($500.00), is a misdemeanor pursuant to Tenn. Code Ann. §39-14-105. In addition, there is no proof that petitioner's offense involved moral turpitude.

Therefore, this court is of the opinion that the Board's decision should be reversed. Accordingly, this case is remanded to the Board for any further proceedings not inconsistent with this memorandum opinion.

On November 17, 2000, the Board filed a Motion to Alter or Amend the Judgment and the Chancellor denied the motion. The respondent now appeals to this Court.

On appeal, the petitioner presents the following issue: Did the chancery court err in finding that petitioner's actions in passing an altered $100.00 bill did not involve moral turpitude, and thus err in reversing the Board's revocation of her EMT license. We find that the Chancellor erred because the crime of theft is a crime involving moral turpitude.

Our statutory standard of review of this matter is the same as that of the trial courts's, *CF Indus. v. Tennessee Pub. Serv. Comm'n*, 599 S.W.2d 536, 540 (Tenn. 1980), and is governed by Tennessee Code Annotated section 4-5-322 which provides:

(h)     The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1)     In violation of constitutional or statutory provisions;
(2)     In excess of the statutory authority of the agency;
(3)     Made upon unlawful procedure;
(4)     Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(5)     Unsupported by evidence which is both substantial and material in the light of the entire record. In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its

-4-

> judgment for that of the agency as to the weight of the evidence on questions of fact.

Tenn. Code Ann. §4-5-322 (1998).

In *Brooks v. State*, 187 Tenn. 67, 213 S.W.2d 7 (Tenn. 1948), the Supreme Court stated what has become the accepted definition of moral turpitude:

> "Moral Turpitude" has no satisfactory definition. Vol. 2 Bouvier's Law Dictionary, Rawle's 3rd Rev., gives the accepted legal definition of the term as: "An act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellowmen or to society in general, contrary to the accepted rule or right and duty between man and man."

*Brooks v. State*, 187 Tenn. 67, 76, 213 S.W.2d 7, 11(Tenn. 1948).

Both the statute, Tennessee Code Annotated section 68-140-511, and the Rule, Tenn. Comp. R. & Regs. Chapt. 1200-12-1.04(5)(a), provide that any violation of a criminal statute involving moral turpitude provides cause for the Tennessee Board of Emergency Medical Services to revoke the license of an emergency medical technician. The Board is not compelled to revoke such license but the decision of whether or not to do so is vested entirely in the Board subject only to the limited court review provided by Tennessee Code Annotated section 4-5-322(b)(1).

The Chancellor adopted the findings of fact of the Administrative Law Judge but reversed the revocation of the E.M.T. license of Nora Meadows because "there is no proof that petitioner's offense involved moral turpitude."

In this determination, the Chancellor is in error. Nora Meadows was convicted of misdemeanor theft under Tennessee Code Annotated section 39-14-105.

Theft, whether such is a felony or a misdemeanor, is an act involving moral turpitude. *See Yousefi v. U.S. I.N.S.*, 260 F.3d 318 (4th Cir. (Va.) Aug. 8, 2001); *see also Jenkins v. State*, 509 S.W.2d 240, 246 (Tenn. Crim. App. 1974); *Pique v. State*, 499 S.W.2d 4, 6 (Tenn. Crim. App. 1973); *Lee v. Personnel Merit Board of the City of Dyersburg*, 1986 WL 3368 at *5 (Tenn. Ct. App. 1986).

Historically,

> [I]t appears that theft or larceny was a crime at common law involving an act intrinsically and morally wrong and malum in se, and does not become any more or any less so by reason of the fact that the Legislature may see fit to call it a felony, if the thing stolen is of a value exceeding a given amount, or to call it a misdemeanor,

if the thing stolen is of less value. In either case the offense is one involving moral turpitude.

*Tillinghast v. Edmead*, 31 F.2d 81, 83 (1st Cir. 1929).

The fact that the conviction of Meadows for misdemeanor theft was based upon a plea of nolo contendere is of no significance.

> A plea of nolo contendere admits every essential element of the offense, which is properly alleged in the charging instrument; and it is tantamount to an admission of guilt for purposes of the case in which the plea is entered. Once the plea has been entered, and the trial court has determined that it has been made voluntarily, nothing is left but to render judgment since there is no issue of fact. *Lott v. United States*, 367 U.S. 421, 426, 81 S.Ct. 1563, 1567, 6 L.Ed.2d 940, 944 (1961). Moreover, a conviction following a plea of nolo contendere "has all the effects of a plea of guilty insofar as the purposes of the case are concerned." *Bell v. Commissioner*, 320 F.2d 953, 956 (8th Cir.1963). See *Jacobsen v. United States*, 260 F.2d 122, 123 (8th Cir.1958). The only difference of substance is that a conviction following the entry of a plea of nolo contendere cannot be used against the accused as an admission in any civil suit for the same act. Tenn.R.Crim.P. 11(d). Id.

*Teague v. State*, 772 S.W.2d 932, 943 (Tenn. Ct. Crim. App. 1998).

The record before the Board indicates proceedings involving counsel for both parties and the Administrative Law Judge concerning the admissibility of the conviction of Meadows for theft under five hundred dollars. The Administrative Law Judge determined to admit the evidence under Tennessee Rules of Evidence 803(22). When the Administrative Law Judge determined to allow the admissibility of the conviction without allowing introduction of the plea of nolo contendere, counsel for the petitioner made the tactical decision to contest "moral turpitude" and appeal to the discretion of the Board. In his opening statement he said:

> Ms. Meadows is an EMT and wishes to keep her license. That's a pretty good statement. What the proof is I want you to look at it as follows: What the proof is going to show is that it occurred at the Frontrunner Market in Gainesboro, Tennessee. That Ms. Meadows was charged with that.

> And the proof is going to further show that she did something in her best interest and she'll explain that later. That's why I want you to bear in mind that the law that we'll argue to you later proves and will show you this is something that can happen and did happen and it is not in the context of criminal. And also, not only does it have to be criminal but moral turpitude. You're going to have fun with that one. We've already had fun with it. But I want you to bear in mind those two elements have to come together.

So, the best thing to do is, please, I know you will listen to the evidence that is going to be elicited here and see if it fits a disciplinary action. Thank you.

This being a civil case, the Assistant Attorney General called Nora Diane Meadows as a witness. She testified:

Q. State your full name, please?
A. Nora Diane Meadows.
Q. Ms. Meadows, are you licensed as an EMT in the State of Tennessee?
A. Yes, ma'am.
Q. And were you so licensed in August of 1998?
A. Yes, ma'am.
Q. On December 18, 1998, were you convicted of a crime of theft under five hundred dollars?
A. Convicted, I'm not sure. I pled nolo contendere in my best interest because I was promised - - I was suspended in December of my job and promised if I did not plead guilty that I could get my job back. And I couldn't afford not to have my job.
Q. In pleading nolo contendere, in fact, you did not contest the charge of theft under five hundred dollars, is that correct?
A. Yes, ma'am.
Q. And as a result of your not contesting the charge of theft under five hundred dollars, you received a form of punishment from the court, did you not?
A. Yes, ma'am.
Q. As a matter of fact, you received a sentence of 11 months and 29 days and apparently, it was spent on probation?
A. Yes, ma'am.
Q. And did you, in fact, have to pay restitution to the Frontrunner for the money that you received in change from that transaction?
A. Yes.

Ms. Meadows made an appealing plea to the Board in mitigation of her conduct but even if we were so inclined, our standard of review does not allow us to substitute our judgment for that of the Board. There is substantial and material evidence in the record to support both the conviction of Ms. Meadows for theft of less than five hundred dollars value and that the acts forming the basis for the conviction were sufficient to warrant the revocation of her EMT license. Tenn. Code Ann. § 4-5-322(h)(5).

In parallel to the rule stated in *Whitmore v. Civil Service Board of Shelby*, 673 S.W.2d 535 (Tenn. Ct. App. 1984):

[W]e do hold that wherever there is presented material evidence to the Civil Service Merit Board of the misconduct charged, the mere knowledge alone of the

additional fact that the employee had entered a nolo contendere plea in the criminal courts cannot be used as a shield against appropriate action by administrative agencies and civil service merit boards.  These boards do not exist in a vacuum.

673 S.W.2d 535, 540 (Tenn. Ct. App. 1984).

The decision of the Board is supported by substantial and material evidence that Nora Meadows committed a crime involving moral turpitude.

The judgment of the Chancellor is reversed and the judgment of the Tennessee Board of Emergency Medical Services is reinstated.

Costs are assessed against Nora Meadows.

 

 

_____
WILLIAM B. CAIN, JUDGE