The court below was moved to quash the indictment for not having a prosecutor indorsed as required by the Act of 1801, c. 30; 1803, c. 59, and refused the motion; the now plaintiff in error, being the person indicted in the court below, appealed. And now it is urged that the bill of indictment was prepared and sent, not by the attorney-general, but by one who signs himself John Wilkerson, acting as solicitor-general. We are of opinion, unanimously, that no indictment ought to be sent to the grand jury without the sanction and approbation of the *Page 99 
solicitor-general, proved by his signature on some part of the bill. He is to judge between the people and the government; he is to be the safeguard of the one and the advocate for the rights of the other; he ought not to suffer the innocent to be oppressed or vexatiously harassed, any more than those who deserve prosecution to escape; he is to pursue guilt; he is to protect innocence: he is to judge of circumstances, and, according to their true complexion, to combine the public welfare and the safty of the citizens, preserving both, and not impairing either; he is to decline the use of individual passions, and individual malevolence, when he can not use them for the advantage of the public; he is to lay hold of them where public justice, in sound discretion, requires it. Can these views be attained by leaving prosecutions to every attorney who will take a fee to prosecute? Does every one feel the responsibility imposed by the oath of the solicitor-general by his selection for the discharge of these duties, by the confidence of the public reposed in him, by a consciousness of the impartial duties he owes to society and his country? Is every one actuated for the solicitor-general with the proud ambition of equalling the public expectation, and proving to his country that they have not been deceived in making choice of him? Is every one in his behalf under the full operation of those thousand feelings excited by confidence in his integrity, which a virtuous mind will experience, which nothing but experience can give a knowledge of, and which can not be adequately represented by words? The designs of the constitution are disappointed by suffering the interference of any other, and therefore most clearly it ought not to be allowed, not excluding those temporary officers who are legally appointed by the governor or court where such temporary appointments are provided for by law. But this cause comes to us by appeal; that is, in place of a writ of error. This court is to proceed upon writs *Page 100 
of error; the term refers to a matter supposed to be known before the law uses it. What is a writ of error? a commission from the government to certain judges, 2 Bac. Ab by Wilson, 448, enabling them to revise the proceedings of an inferior court. The words of this commission are,si judicium redditum sit, then, c. 2 Bac. Ab. by Wilson, 452. The Court then has no power to act unless there be a final judgment or something in the nature thereof, for, until final judgment, the inferior court may correct and alter the mistakes complained of. We must therefore decline making any decision upon this writ of error.