In re The DEATH OF Ryan REED.
Robert N. GANN, Sr., Administrator of the Estate of Robert N. Gann, Jr.; and Ruth Gann, Individually; and Stacy Dawn Gann, by Next Friend and Mother, Lisa Gann, Appellants,

v.

Lawrence Ray WHITLEY, Jr., District Attorney General for the 18th Judicial District, Appellee.

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 16, 1989.

William B. Vest, Hendersonville, for appellants.

Charles W. Burson, Atty. Gen. and Reporter and C. Anthony Daughtrey, Asst. Atty. Gen., Nashville, for appellee.

OPINION

JONES, Judge.

The appellants filed a petition for the appointment of a district attorney general pro tem and the designation of a concurrent grand jury. The trial court dismissed the petition without a hearing. The appellants subsequently appealed to this Court as of right pursuant to Rule 3(b), Tenn.R. App.P.

The appellants raise two issues for our review. The substance of these issues is that the trial court abused its discretion in dismissing their petition without affording them an evidentiary hearing.

Angela Reed and her son, Ryan Reed, moved into the home of Robert N. Gann, Jr. Young Ryan, two and one-half years of age, sustained massive injuries to his head and injuries to his genitals while in the custody of Gann. Young Ryan was subsequently taken to the Vanderbilt Medical Center where he was placed in the pediatric intensive care unit. While Gann was asleep in a waiting room outside the intensive care unit, young Ryan's maternal grandfather, Charles Jones, killed Gann by firing six bullets into his body. Subsequently, young Ryan died as a result of the injuries he sustained.

Several lawsuits were filed as a result of the death of Robert N. Gann, Jr., and young Ryan. The Ganns sued Charles Jones for the wrongful death of Robert N. Gann, Jr. The Ganns also sued Hendersonville Police officials for public statements made about the death of young Ryan and the guilt of Robert N. Gann, Jr. Angela Reed sued the estate of Robert N. Gann, Jr., for the wrongful death of young Ryan. The present action was supposedly instituted to clear the name of Robert N. Gann, Jr., as the person who killed young Ryan. Angela Reed was tried and convicted of neglecting young Ryan prior to the infliction of the fatal injuries.

When it was discovered that young Ryan had been the victim of child abuse, the Hendersonville Police Department and the Department of Human Services conducted

rather detailed investigations. In addition, an autopsy was performed upon the body of young Ryan at the request of the attorney general. The autopsy revealed that the injuries sustained by young Ryan were inflicted while Robert N. Gann, Jr., had exclusive custody of young Ryan. General Whitley and the investigating officers concluded that Robert N. Gann, Jr., was solely responsible for the death of young Ryan.

The appellants, apparently unhappy with the results of the investigation conducted by the authorities, employed a private investigator to conduct an investigation. Based upon the results of this investigation, the appellants requested General Whitley to prosecute Angela Reed for the death of young Ryan. General Whitley and his assistant talked to some of the witnesses tendered by counsel for the appellants, had another conference with the pathologist who performed the autopsy, and interviewed Angela Reed again. General Whitley concluded that Robert N. Gann, Jr., not Angela Reed, was responsible for the death of young Ryan; and General Whitley refused to reopen the investigation.

The appellants through counsel contacted the foreman of the Sumner County Grand Jury and requested permission to present evidence to the effect that Angela Reed was responsible for young Ryan's death. The foreman of the grand jury created a panel consisting of himself and two other grand jurors pursuant to T.C.A. § 40–12–104 for the purpose of determining whether the appellants and their witnesses should be permitted to testify before the full grand jury. The appellants appointed two members of the grand jury to serve on the panel with the foreman. *See* T.C.A. § 40–12–104(c). After the panel had considered the material submitted by the appellants, the panel declined the appellant's application to appear before the full grand jury. The foreman stated in a letter to appellants' counsel:

> After long and careful consideration of your request regarding the death of Ryan Reed it is the unanimous decision of the panel that your application does not warrant investigation by the full grand jury.

> After conscientiously considering your application and the accompanying investigative report, along with other information requested by the panel, we feel that there is not sufficient evidence to warrant reopening the investigation into the death of Ryan Reed. We feel that the investigative report you submitted to us was unduly slanted toward your client's point of view and that many material facts were omitted from the report. We are satisfied that the original investigation was properly conducted and the proper conclusions were reached.

> Therefore, your request to submit this matter to the Sumner County Grand Jury is respectfully denied.

The appellants, unhappy with the decision of General Whitley not to reopen the investigation and the refusal of the grand jury to permit them to present their case, instituted the present lawsuit. The purpose of this suit was to disqualify General Whitley and appoint an attorney general pro tem as well as a concurrent grand jury to hear the appellants' version of the cause of Ryan's death. The order of Judge Russell, an emminently qualified jurist, dismissing the lawsuit said:

> While it is procedurally possible to appoint, commission, and activate a substitute prosecuting attorney (District Attorney General Pro Tem), this does not appear to the Court to be a proper case for such action. District Attorney General Lawrence Ray Whitley has acted within the ambit of his authority, and no facial disqualification of him to so act appears.

What does appear is a difference of opinion on a matter of judgment between him and petitioners' attorney, Hon. William B. Vest. This involves a matter that General Whitley's elected office calls for him to make the judgment upon. To in effect remove him from office because an interested party disagrees with the judgment that he has made in the performance of his duty would be overreaching by this Court. It further appears to the Court that the regular Grand Jury, under the leadership of its foreman, has given consideration to the matter involved here and has declined hear it further. That does not constitute a sufficient legal predicate for empaneling another Grand Jury.

We agree with Judge Russell that the appellants are not entitled to relief based upon the allegations contained in their petition.

■ The laws of this State provide for the appointment of a district attorney general pro tem when the duly elected district attorney general (a) fails to attend any term of the circuit or criminal court, (b) is disqualified from acting, or (c) there is a vacancy in the office. T.C.A. § 8–7–106. In the case *sub judice* it is claimed that General Whitley was biased because he was unalterably of the opinion that Gann was responsible for the death of young Ryan. In our opinion General Whitley was not disqualified. His conclusion that Gann was responsible for the death of young Ryan was predicated upon credible facts. Furthermore, there were no credible facts that Angela Reed was responsible for Ryan's death. Moreover, he kept his mind open. As stated, he interviewed witnesses tendered by the appellants, conferred with the pathologist who conducted the autopsy, and interviewed Angela Reed before deciding not to reopen the investigation. General Whitley properly exercised the discretion placed in him by law, and the fact Mr. Vest and his clients disagreed with his decision is not, as Judge Russell states, grounds for disqualifying him.

■ The duty of the district attorney general is to protect the innocent, just as it is to prosecute those guilty of the commission of crimes. *See State v. Fields,* 7 Tenn. (Peck) 140 (1823); *Foute v. State,* 4 Tenn. (3 Hayw.) 98 (1816). In *Fout,* our Supreme Court, discussing the responsibilities of a district attorney general, said:

> He is to judge between the people and the government; he is to be the safeguard of the one and the advocate for the rights of the other; *he ought not to suffer the innocent to be oppressed or vexatiously harassed,* any more than those who deserve prosecution to escape; he is to pursue guilt; *he is to protect innocence;* he is to judge of circumstances, and, according to their true complexion, to combine the public welfare and the safety of the citizens, preserving both, and not impairing either; he is to decline the use of individual passions, and individual malevolence, when he cannot use them for the advantage of the public; he is to lay hold of them where public justice, in sound discretion, requires it.

*Foute,* 4 Tenn. (3 Hayw.) at 99 [Emphasis added].

When it is clear that a citizen is not guilty of the commission of a criminal act, it is the duty of the district attorney general to protect the citizen and prevent the citizen from being "oppressed or vexatiously harassed" by arresting, prosecuting, or attempting to obtain an indictment or presentment against the citizen. Moreover, whether an investigation should be continued or the criminal process issue for a citizen rests largely within the discretion of the district attorney general. General Whitley did not abuse his discretion in the case *sub judice.*

■ The appellants did not have standing to seek the formation of a concurrent grand jury to inquire into young Ryan's death. Moreover, the appellants were not entitled to present their evidence and witnesses to a grand jury. It is provided by statute that the decision of the grand jury panel is final. T.C.A. § 40–12–104(c). Having made application to present their case to the grand jury, and the panel having decided not to permit the appellant to present their case to the full grand jury,

the right of the appellants to be heard by a grand jury was terminated.

The judgment of the trial court is affirmed.

DWYER and BIRCH, JJ., concur.