# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## FEBRUARY SESSION, 1999

FILED

June 7, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| JAMES E. MARTIN, | ) | C.C.A. NO. 03C01-9807-CR-00253 |
| | ) | |
| Appellant, | ) | |
| | ) | JOHNSON COUNTY |
| V. | ) | |
| | ) | |
| HOWARD CARLTON, WARDEN, | ) | HON. LYNN W. BROWN, JUDGE |
| and STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (HABEAS CORPUS) |

FOR THE APPELLANT:                              FOR THE APPELLEE:

JAMES E. MARTIN, *pro se*                    JOHN KNOX WALKUP
Northeast Correction Complex #121405    Attorney General & Reporter
P.O. Box 5000
Mountain City, TN  37683                       TODD R. KELLEY
                                               Assistant Attorney General
                                               2nd Floor, Cordell Hull Building
                                               425 Fifth Avenue North
                                               Nashville, TN  37243

                                               JOE C. CRUMLEY, JR.
                                               District Attorney General

                                               MICHAEL J. FAHEY, II
                                               Assistant District Attorney General
                                               114 Alf Taylor Road
                                               Johnson City, TN  37601

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, James E. Martin, appeals as of right the trial court's dismissal of his petition for writ of habeas corpus relief. After a careful review of the record, we affirm the judgment of the trial court.

On April 18, 1988, Petitioner pled guilty to first degree murder and armed robbery. The trial court sentenced him to concurrent life sentences. On May 4, 1998, Petitioner filed a pro se petition for writ of habeas corpus which was subsequently denied by the trial court. In this appeal, Petitioner raises the following issues:

    I.    Whether the trial court lacked jurisdiction;

    II.    Whether the indictments were sufficient;

        A.  Culpable mental state
        B.  Reference to Tennessee Code Annotated
        C.  District Attorney General's signature
        D.  Multiplicitous Indictment

    III.    Whether Petitioner received the effective assistance of counsel; and

    IV.    Whether Petitioner's plea was knowingly and voluntarily entered into, whether the trial court erred in accepting Petitioner's plea, and whether a confession Petitioner made in jail was admitted in violation of Petitioner's Fourth Amendment rights.

It is a well-established principle of law that the remedy of habeas corpus is limited in its nature and its scope. Archer v. State, 851 S.W.2d 157, 161-62 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). In Tennessee, habeas corpus relief is available only if "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that

a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer, 851 S.W.2d at 164 (citation omitted in original). The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella, 891 S.W.2d at 627. Moreover, where a judgment is not void, but is merely voidable, such judgment may not be collaterally attacked in a suit for habeas corpus relief. Id.

## I.  Jurisdiction

In this issue, Petitioner argues that the trial court did not have the jurisdiction to convict him. However, we find that the Criminal Court of Hamilton County was vested with jurisdiction in the instant case by statutory authority and by the constitution of the State of Tennessee. See Tenn. Code Ann. § 16-1-101; Tenn. Const. art. VI, § 1. This issue is without merit.

## II.  Sufficiency of the Indictments

In this issue, Petitioner asserts that his convictions are void because of various insufficiencies in the indictments. After a careful review of these issues, we find the indictments to be sufficient.

### A.  Culpable Mental State

Petitioner contends that the indictments were void because they did not allege a culpable mental state for the offenses of armed robbery and first degree murder. The crimes in this case were committed in 1986, before the enactment of the 1989 Criminal Code. Post-1989 cases have focused on Tennessee Code Annotated section 39-11-301 and -302, which require a culpable mental state for the commission of a criminal offense and define the four culpable mental states applicable to violations of the 1989 Criminal Code. See, e.g., Sate v. Hill, 954 S.W.2d 725 (Tenn. 1997). However, the criminal law at the time of Petitioner's crimes did not contain an analogous provision. See e.g., Carl E. Saine v. Alton Hesson, Warden, C.C.A. No. 02C01-9710-CC-00399, Lauderdale County (Tenn. Crim. App., Jackson, Dec. 15, 1997), perm. to appeal denied (Tenn. 1998). The first degree murder counts in the indictment allege in pertinent part as follows:

> That [Petitioner] heretofore on or about the 28th day of August, 1987 [sic], in the County aforesaid, did unlawfully, feloniously, willfully, deliberately, maliciously[,] premeditatedly and of malice aforethought assault, kill and murder James W. Brown, against the peace and dignity of the State.
>
> . . .
>
> That [Petitioner] heretofore on or about the 28th day of August, 1986, in the County aforesaid, did unlawfully and feloniously murder James W. Brown, while in the perpetration of Robbery, against the peace and dignity of the State.

At the time of the crimes, first degree murder was defined in pertinent part as "[e]very murder perpetrated by means of poison, lying in wait, or by other kind of willful, deliberate, malicious and premeditated killing, or committed in the perpetration of or attempt to perpetrate, any . . . robbery . . . ." Tenn. Code Ann. § 39-2-202 (Supp. 1982).

The armed robbery indictment alleges in pertinent part as follows:

> That [Petitioner] heretofore on the 28th day of August, 1986, in the County aforesaid, did unlawfully, feloniously and forcibly take from the person of James W. Brown, the following described property, to-wit: good and lawful money of the United States of America, valued at more than $200.00, the property of James W. Brown, by the use of force and violence, by the use of a dangerous and deadly weapon, to-wit: a belt, or by putting the said James W. Brown in fear of bodily injury, against the peace and dignity of the State.

On the relevant date, robbery was defined as "the felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear. . . . [I]f the robbery be accomplished by the use of a deadly weapon the punishment shall be death by electrocution, or the jury may commute the punishment to imprisonment for life or for any period of time not less than ten (10) years." Tenn. Code Ann. § 39-2-501 (Supp. 1982).

A portion of the former Criminal Code relevant to the indictments in this case provides that the indictments must "state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . ." Tenn. Code Ann. § 40-13-202 (Supp. 1982).

After reviewing the indictments under the applicable law, we find them to be sufficient. The indictments in the case at bar closely follow the statutory form of the crimes. The culpable mental states required by the statutes are sufficiently alleged, or can be inferred, from the wording in the indictments. Furthermore, their form is consistent with the mandate of section 40-13-202 (Supp. 1982). Thus, we find them

sufficient under the law as it existed at the time. We note that although not controlling in the present case, our supreme court's decision in Hill supports our conclusion. The court stated in the Hill opinion that "an indictment need not conform to traditionally strict pleading requirements," and that "[i]n modern practice, it is unnecessary to charge guilty knowledge unless it is included in the statutory definition of the offense." 954 S.W.2d at 727, 729. Having reviewed the language of the indictments in this case, we find that it would suffice under the supreme court's analysis of the current statutory requirements of notice and form as well. This issue is without merit.

## B. No Reference to Tennessee Code Annotated

Petitioner also contends that the indictments for armed robbery and first degree murder are invalid because neither references statutory authority. An indictment or presentment must provide notice of the offense charged, an adequate basis for the entry of a proper judgment, and suitable protection against double jeopardy. State v. Trusty, 919 S.W.2d 305, 309 (Tenn. 1996); State v. Byrd, 820 S.W.2d 739, 740-41 (Tenn. 1991). Again, the indictment must "state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . ." Tenn. Code Ann. § 40-13-202 (Supp. 1982). In the instant case, we find that the indictments provided Petitioner sufficient information of the charges against him, and therefore, this issue is without merit. Furthermore, failure to raise this issue before trial constitutes a waiver of the issue pursuant to Tenn. R. Crim. P. 12(b)(2).

-6-

C. Attorney General's Signature

Petitioner argues that his conviction for first degree murder is void because each count of the indictment was not signed by the District Attorney General. Tennessee Code Annotated section 40-13-103 requires a district attorney to sign the charging document before it is sent to the grand jury. Our supreme court has also stated that no indictment should be sent to the grand jury "without the sanction and approbation of the solicitor-general, proved by his signature *on some part of the bill.*" Fout v. State, 4 Tenn. (3 Hayw.) 98, 99 (1816) (emphasis added). Clearly a signature is required, but one is not necessarily required to be on each count of an indictment. In State v. Lockett, our supreme court explained, "It is not essential that the signature of the officer should be placed at the end of the indictment. It is sufficient if it appear on some other part of the paper, provided it appear beyond doubt that the attestation relates to the indictment and every part thereof, and identifies the same as the act and accusation of the government, done through its sworn officer." 50 Tenn. (3 Heisk.) 274-75 (1871). The court also stated that it is not "absolutely necessary that the signature should be at the conclusion of the bill; but it must be on it, and must show that it is intended to cover all the counts contained therein." Id. at 275.

The District Attorney General in the instant case signed a one-page, two-count indictment at the bottom of the page. The counts in the indictment were consecutively numbered. It can be logically reasoned that his signature was plainly intended to cover both the counts contained in the one-page indictment. Notwithstanding the fact that we have concluded the signature in the case sub judice to be proper, this Court has consistently held that a district attorney's failure to sign an indictment would not deprive the trial court of jurisdiction. See, e.g., Mickey A.

<u>Brown v. State</u>, C.C.A. No. 03C01-9707-CR-00280, Johnson County (Tenn. Crim. App., Knoxville, Aug. 17, 1998), <u>perm. to appeal denied</u> (Tenn. 1999). Therefore, an objection to a defect of this nature must be made pre-trial, and not in a collateral, post-trial habeas corpus petition. <u>See</u> Tenn. R. Crim. P. 12(b)(2); <u>Nelson B. Graves v. Howard Carlton, Warden</u>, C.C.A. No. 03C01-9705-CR-00171, Johnson County (Tenn. Crim. App., Knoxville, Mar. 25, 1998), <u>perm. to appeal denied</u> (Tenn. 1998). We find no merit in this issue.

### D. Multiplicitous Indictment

Petitioner alleges that the counts in the indictment pertaining to first degree murder are invalid because they are multiplicitous. Petitioner appears to argue, in part, that he has been unconstitutionally subjected to double jeopardy. Petitioner was charged with common law first degree murder and felony murder. This method of charging Petitioner did not subject him to double jeopardy. Our state and federal constitutions protect a person from being prosecuted a second time for the same offense after acquittal or conviction, and from being punished multiple times for the same offense. <u>See</u> <u>State v. Mounce</u>, 859 S.W.2d 319, 321 (Tenn. 1993). In the instant case, two counts of the indictment alleged alternative means of committing the same offense, murder. However, Petitioner pled guilty to one count of first degree murder. Therefore, he was not prosecuted nor punished twice for the same offense. <u>See</u> <u>Earl E. Collier v. Charles Jones, Warden</u>, C.C.A. No. 03C01-9710-CR-00464, Morgan County (Tenn. Crim App., Knoxville, Aug. 14, 1998), <u>perm. to appeal denied</u> (Tenn. 1999). Furthermore, only one sentencing judgment was entered for a violation of Tennessee Code Annotated section 39-13-202. This Court has noted, "the trial court's entry of only one judgment of conviction imposing only one sentence . . . protects the defendant from receiving multiple punishments for the same offense.

No double jeopardy peril exists." State v. Addison, 973 S.W.2d 260, 267 (Tenn. Crim. App. 1997), perm. to appeal denied (Tenn. 1998). We note that the State is not even required to elect at trial between first degree premeditated and deliberate murder and felony murder charged in separate counts of the indictment for a single offense. See State v. Henley, 774 S.W.2d 908, 916 (Tenn. 1989). We also note that a conviction for both first degree murder and armed robbery did not subject Petitioner to double jeopardy either. See State v. Norris, 684 S.W.2d 650, 654 (Tenn. Crim. App. 1984). Finally, this is not an appropriate issue for habeas corpus relief. See Collier, C.C.A. No. 03C01-9710-CR-00464, slip op. at 1-2. This issue is without merit.

## Issues III and V

The Petitioner contends in these issues that he was provided ineffective assistance of counsel, that a confession he made while in custody was in violation of his Fourth Amendment rights, that his plea was unknowingly and involuntarily entered into, and that the trial court erred in accepting his plea. These kinds of collateral attacks based on constitutional challenges to an otherwise valid conviction are proper for post-conviction relief proceedings, but not in a proceeding for habeas corpus relief. See, e.g., Archer v. State, 851 S.W.2d 157, 164-65 (Tenn. 1993). None of these allegations is proper for a habeas corpus petition because they do not render his judgment void. These issues are without merit.

Based on all the foregoing, we affirm the trial court's dismissal of the petition for writ of habeas corpus relief.

_____
THOMAS T. WOODALL, Judge


CONCUR:



_____
JERRY L. SMITH, Judge


_____
L. T. LAFFERTY, Senior Judge