IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 9, 2004

**TIMOTHY R. BOWLES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County
No. 96-C-1534 Seth Norman, Judge**

---

**No. M2003-01740-CCA-R3-PC - Filed July 23, 2004**

---

Following a jury trial, the petitioner was convicted on June 18, 1997 for especially aggravated burglary, aggravated rape, robbery, aggravated burglary and attempted rape. After a direct appeal to this Court, his robbery conviction was reversed. The Tennessee Supreme Court affirmed this decision. The petitioner then filed a Petition for Post-Conviction Relief based upon allegations of ineffective assistance of counsel with respect to his remaining convictions. The trial court denied this petition. The petitioner now appeals the trial court's decision. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Tammy D. Wendt, Nashville, Tennessee, for the appellant, Timothy R. Bowles.

Paul G. Summers, Attorney General & Reporter; Helena Walton Yarbrough, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

The petitioner was convicted by a jury on June 18, 1997, of especially aggravated burglary, aggravated rape, robbery, aggravated burglary and attempted rape. The trial court imposed an effective sentence of forty-five years. He appealed these convictions to this court. Timothy R. Bowles v. State, No. 01C01-9711-CR-00547, 1999 WL 225850 (Tenn. Crim. App. at Nashville, April 20, 1999). This Court reversed the robbery conviction for failure to instruct on the lesser-included offense of theft. The petitioner and the State both appealed this Court's decision to the

Tennessee Supreme Court.  Bowles v. State, 52 S.W.3d 69 (Tenn. 2001).  The supreme court affirmed this Court's decision.

The petitioner filed a Petition for Post-conviction Relief on February 14, 2002, contesting the validity of his remaining convictions.  He filed an amended petition on April 5, 2002.  The trial court held a hearing on the petition on May 7, 2003, and denied the petitioner's petition by order on June 4, 2003.  The petitioner now appeals the trial court's denial of his petition.  On appeal, the petitioner argues that he was not afforded effective assistance of counsel.

## ANALYSIS

### Standard of Review

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise.  See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).  During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this court is bound by the court's findings unless the evidence in the record preponderates against those findings.  See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court.  See State v. Honeycutt, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness.  See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

### Ineffective Assistance of Counsel

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial.  See Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996).  In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).  In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.  See Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984).  "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. See id. at 578.  However, our supreme court has "determined that issues

of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. Burns, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. See Adkins, 911 S.W.2d 344, 347 (Tenn. Crim. App. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. See id. However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. See Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The petitioner argues that his trial counsel failed to investigate, cross-examine witnesses, question DNA evidence, and that he was not prepared in his representation of the petitioner. The trial court stated the following in its order:

> Petitioner first claims that counsel was ineffective for failing to zealously represent the petitioner in the case. [Trial counsel] testified at the hearing that the [sic] he held plea discussions with the prosecution and was offered an agreement of 23 years at 85% on the rape charges, which the petitioner refused to accept. In the course of events leading up to trial, [Trial counsel] was successful in dismissing one of the counts against the petitioner. The Court believes that such a difficult case would have proven to be an almost insurmountable task for any attorney to defend. Overwhelming evidence against the petitioner was determinative in the jury's finding of his culpability. One of the victims was the petitioner's aunt, so there was no question as to the identification of the petitioner. The main issue that determined the petitioner's guilt in this case was that of actual sexual penetration of one of the victims. The jury evidently accredited the testimony of the witnesses more so than that of the petitioner.

> The petitioner also alleges that counsel was ineffective for failing to effectively cross-examine witnesses, namely the victims involved. Petitioner specifically contends that counsel was not as thorough on cross-examination of the victims regarding the details of the events that occurred. [Trial counsel] testified at the hearing that he had attempted to be as careful as possible not to conduct such an invasive questioning of the victims for fear that the jury may not approve. Both Mrs. Dobbs and Mrs. Hampton were elderly women who had obviously been disturbed by the offenses committed against them. This puts [Trial counsel] in a difficult situation. It cannot be maintained that [Trial counsel] would have been obliged to ruthlessly question these two women in the presence of the jury. If he wanted the jury to sympathize with his client, it would not have been in his best interest to treat the victims with such disrespect. It is not the Court's function to "'second guess' tactical and strategic choices pertaining to defense matters or to measure a defense

attorney's representation by '20-20 hindsight.'" Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997) (quoting Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982)). The Court believes that [Trial counsel]'s reasons for not pressing the victims' testimony on cross-examination was a prudent tactic which cannot be attacked in this situation.

The petitioner contends that counsel was ineffective in its cross-examination of the victim, Mrs. Dobbs, regarding inconsistent statements made as to the issue of penetration in the aggravated rape charge. It was evident that Mrs. Dobbs simply did not understand the technical definition of sexual penetration, which made her testimony seem somewhat unclear. Apparently, the jury had resolved the issue of such ambiguous testimony and reached a conclusion unfavorable to the petitioner. Furthermore, the Tennessee Supreme Court has already decided that the evidence was sufficient to support the jury's finding of guilty with regard to this offense. The Court believes that [Trial counsel]'s questioning of the victim in this matter was conducted with efficiency.

The petitioner further alleges that counsel was ineffective for failing to procure an expert to testify as to the reliability of tests performed on the blood stains found on the garments of one of the victims. The petitioner believes that DNA testing would exonerate him in this matter. The Court is not persuaded by this argument. As aforementioned, identification was not an issue in these offenses. To show that the blood may have come from the petitioner when he broke into the residence or when he assaulted the victim makes no difference in the outcome of the trial. The only question of fact was whether there was penetration regarding the aggravated rape of Mrs. Dobbs. If the defense had obtained an expert to show that the blood found on Mrs. Dobbs' clothing was her own, it may have further supported the argument that the petitioner violently attacked the victim. If the results of the blood samples indicated that the blood came from the petitioner, it may have further supported the theory that the petitioner cut his hand while breaking into the victim's residence. In no way has it been shown that procurement of an expert or conducting DNA analysis could in any way exculpate the petitioner or at least result in a different outcome at trial.

After reviewing the evidence presented at the hearing, we agree with the determinations made by the trial court. The petitioner first argues that he was denied effective assistance of counsel because trial counsel failed to investigate and adequately prepare for trial. The petitioner specifically complains that trial counsel did not meet with the petitioner on more than three occasions and did not advise the petitioner of his option to testify in his own defense, did not investigate or listen to the preliminary hearing tapes, failed to adequately cross-examine witnesses at trial, failed to obtain an expert witness to refute the DNA evidence, and did not challenge the indictment.

Trial counsel stated at the hearing that he was adequately prepared. Trial counsel testified at the hearing that he had plea discussions with the State, went through the State's discovery

package, advised the petitioner not to testify and successfully got one of the counts dismissed. We do not see deficient representation based upon this evidence. The petitioner also argues that trial counsel did not adequately cross-examine the victims at trial. The victim specifically referred to is the elderly woman, Mrs. Dobbs, that the petitioner was accused of raping. At the hearing, trial counsel testified that he did not want to cross-examine her too vigorously for fear that the jury would have reacted negatively to such a cross-examination. We believe that this is a valid concern. The determination by trial counsel as to how to cross-examine the witnesses in this situation would be considered a tactical decision. As stated above, we are not allowed to second-guess a trial counsel's trial strategy. Therefore, we again cannot find deficient representation by the petitioner's trial counsel.

The petitioner also argues that trial counsel's failure to find an expert witness to refute the State's DNA evidence is also evidence of ineffective assistance of counsel. At the hearing, trial counsel testified that the DNA evidence was not an issue at trial because the petitioner's identity was not at issue. The issue was whether the petitioner actually sexually penetrated the victim. We agree with the trial court's assessment that the issue of whether the blood on the victim's nightgown was her own or that of the petitioner had no bearing on the outcome of the trial. We do not find ineffective assistance of counsel with regard to this issue, but even if we did, the petitioner has been unable to demonstrate prejudice as a result of the failure to obtain a DNA expert.

The petitioner also argues that his counsel was ineffective because he did not move to dismiss the indictment. The indictment consists of six pages. Each page contains one of the six counts with which the petitioner was charged. The petitioner argues that the indictment was defective because the District Attorney's signature was not on each and every page of the indictment, but only on the final page of the indictment, which contained Count Six of the indictment. This Court has previously concluded that each count of an indictment does not have to be signed to make the indictment valid. James E. Martin v. Howard Carlton, No. 03C01-9807-CR-00253, 1999 WL 360147, at * 3 (Tenn. Crim. App. at Knoxville, June 7, 1999). In James E. Martin, the defendant's indictment was a two count, one page indictment and the district attorney's signature was at the bottom of the page. Id. This Court relied upon Fout v. State, 4 Tenn. (3 Hayw.) 98 (1816) and State v. Lockett, 50 Tenn. (3 Heisk.) 274 (1871) to support our decision that such an indictment is valid. Fout states that the district attorney's signature is indeed required for an indictment to be valid. Lockett expands this idea and states:

> It is not essential that the signature of the officer should be placed at the end of the indictment. It is sufficient if it appear on some other part of the paper, provided to appear beyond doubt that the attestation relates to the indictment and every part thereof, and identifies the same as the act and accusation of the government done through its sworn officer.

50 Tenn. (3 Heisk) at 274-75. In this case, the indictment consisted of six separate counts, consecutively numbered on six separate pages. There is no question that the district attorney's

signature is affixed to the indictment and refers to all six counts as a whole. We conclude that the indictment is not invalid due to the location of the district attorney's signature. The petitioner is unable to prove that he has been prejudiced by his trial counsel's failure to move to dismiss the indictment. Therefore, he cannot be successful on this issue.

For the reasons stated above, we find that the petitioner has been unable to prove ineffective assistance of counsel. Therefore, we affirm the trial court's decision to deny the petitioner's Petition for Post-conviction.

_____
JERRY L. SMITH, JUDGE