IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 5, 2012

## JIMMY L. SMITH v. HENRY STEWARD, WARDEN

**Appeal from the Circuit Court of Lake County**
**No. 2011-CR-100     R. Lee Moore, Jr., Judge**

**No. W2012-00708-CCA-R3-HC  - Filed September 19, 2012**

Jimmy L. Smith ("the Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus, alleging that counts one through four of the indictment underlying his convictions are defective, and, therefore, his judgments of conviction are void. The habeas corpus court denied relief without a hearing. The Petitioner then filed this appeal. After a thorough review of the record and the applicable law, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Circuit Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, and CAMILLE R. MCMULLEN, JJ., joined.

Jimmy L. Smith, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter; Jeffrey D. Zentner, Assistant Attorney General; for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

The record on appeal is limited and primarily consists of the Petitioner's pro se petition for writ of habeas corpus, including numerous attachments; the habeas corpus court's order denying relief; and the Petitioner's notice of appeal. Upon our review of the record before us, as well as this Court's most recent opinion addressing the Petitioner's direct appeal, see State v. Jimmy L. Smith, No. 88-177-III, 1989 WL 51613 (Tenn. Crim. App. May

19, 1989), perm. app. denied, (Tenn. Aug. 14, 1989), we have gleaned the following abbreviated history.

In 1988, a Davidson County jury convicted the Petitioner of one count of aggravated kidnapping, three counts of aggravated rape, and one count of robbery. The trial court sentenced the Petitioner as a Range I standard offender to thirty years on count one (aggravated kidnapping); twenty-five years each on counts two, three, and four (aggravated rape); and ten years on count five (robbery). The trial court ordered the sentences to be served consecutively, for a total effective sentence of one hundred fifteen years. The Petitioner appealed, and this Court affirmed the Petitioner's convictions and sentencing. See Jimmy L. Smith, 1989 WL 51613, at *2.

On November 17, 2011, the Petitioner, pro se, filed a petition seeking habeas corpus relief, alleging that the District Attorney General failed to sign "the bottom of the pages upon which are printed counts one through four of the indictment, rendering those counts 'void,' as being defective and in violation of Tennessee statutory law." On January 30, 2012, the habeas corpus court entered an order dismissing the Petitioner's petition without a hearing. Thereafter, on April 10, 2012, the Petitioner untimely filed a notice of appeal and requested that this Court waive the timely filing requirement.

## Analysis

### Standard of Review

"Whether to grant relief upon review of the denial of a petition for a writ of habeas corpus is a question of law." Cantrell v. Easterling, 346 S.W.3d 445, 448 (Tenn. 2011) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Thus, this Court's standard of review is de novo, with no presumption of correctness. Id. (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).

### Untimely Notice of Appeal

Initially, we must address the Petitioner's untimely notice of appeal. The notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). Nevertheless, because the "notice of appeal" document is not jurisdictional, the filing of such document may be waived in the interest of justice. Id.

Although the Petitioner's filing was pro se, Tennessee Rule of Appellate Procedure 4 does not relieve pro se petitioners from the thirty-day filing requirement. Larry Coulter v. State, No. M2002-02688-CCA-R3-PC, 2003 WL 22398393, at *2 (Tenn. Crim. App. Oct.

21, 2003); see also Ronald McCray v. State, No. W2006-00053-CCA-R3HC, 2006 WL 1063684, at *1 (Tenn. Crim. App. Apr. 21, 2006). Thus, the Petitioner's pro se status is but one factor to consider in deciding whether the interest of justice warrants waiver of the thirty-day filing requirement. Larry Coulter, 2003 WL 22398393, at *2; see also Ronald McCray, WL 1063684, at *1. In determining whether waiver is appropriate, this Court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case. Larry Coulter, 2003 WL 22398393, at *2 ; see also State v. Rockwell, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (citing State v. Markettus L. Broyld, No. M2005–00299–CCA–R3–CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)).

In the Petitioner's notice of appeal, he requested that this Court waive the thirty-day filing requirement. The Petitioner appears to argue that he did not know his habeas corpus petition was denied by the habeas corpus court on January 30, 2012, because he did not receive a copy of the court's order denying his petition ("the Order"). In support of this contention, the Petitioner attached three exhibits to his notice of appeal: (1) a letter written by the Petitioner on March 20, 2012, to the Lake County Circuit Court Clerk, Deborah Beasley, inquiring about his petition; (2) a letter written by Beasley to the Petitioner informing him that a copy of the Order was previously mailed to him on January 30, 2012, but stating that another copy will be mailed to him; and (3) an inmate information request filed by the Petitioner on March 29, 2012, requesting a list of the legal mail he has received since January 30, 2012. Although the Petitioner claims he did not receive a copy of the Order, the certificate of service contained in the Order indicates that Beasley mailed the Petitioner a copy of the Order on the date it was filed, January 30, 2012. Although this case presents a very close question on the issue of whether this Court should waive the thirty-day filing requirement, we have decided to address the merits of the Petitioner's claim.

*Defective Indictment*

Under the United States and Tennessee Constitutions, a convicted criminal enjoys the right to pursue habeas corpus relief. U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15. Tennessee statutes, however, have governed this right for over a century. See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968); Tenn. Code Ann. § 29-21-101 (Supp. 2010) ("Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in subsection (b) and in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint.")

In Tennessee, the "grounds upon which habeas corpus relief will be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Moreover, "the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State,

833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)); see also Archer v. State, 851 S.W.2d 157, 161-64 (Tenn. 1993). On the other hand, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes, 978 S.W.2d at 529). A petitioner must prove that his or her judgment is void or sentence has expired by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

The Petitioner argues that his convictions for count one, aggravated kidnapping, and counts two through four, aggravated rape, are void because the pages of the indictment setting forth these counts were not signed by the District Attorney General. Instead, only the last page of the indictment setting forth count five, robbery, was signed by the District Attorney General.

"[T]he validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for *habeas corpus* when the indictment is so defective as to deprive the [trial] court of jurisdiction." Dykes, 978 S.W.2d at 529. However, so long as the indictment "performs its essential constitutional and statutory purposes," habeas corpus relief is not warranted. Id. (citing State v. Hill, 954 S.W.2d 725, 729 (Tenn. 1997)). An indictment passes constitutional muster when it provides (1) notice of the charge against which the accused must defend himself; (2) an adequate basis for the entry of a proper judgment; and (3) protection of the accused from double jeopardy. Hill, 954 S.W.2d at 727. Additionally, an indictment satisfies statutory requirements when it

> state[s] the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment[.]

Tenn. Code Ann. § 40-13-202 (1990).

The instant indictment satisfied all of these criteria. Additionally, the lack of the District Attorney General's signature on each count of the indictment did not deprive the trial court of jurisdiction. Tennessee Code Annotated section 40-13-103 (1990) requires a district attorney general to sign the charging document before it is sent to the grand jury. This Court has recognized that no indictment should be sent to the grand jury "without the sanction and

approbation of the [district attorney general], proved by his signature *on some part of the bill.*"  James E. Martin v. Howard Carlton, No. 03C01-9807-CR-00253, 1999 WL 360147, at *3 (Tenn. Crim. App. June 7, 1999) (quoting Fout v. State, 4 Tenn. 98, 99 (1816)).

Moreover, while a signature is required, it is "not necessarily required to be on each count of an indictment." James E. Martin, 1999 WL 360147, at *3; see also Timothy R. Bowles v. State, No. M2003-01740-CCA-R3-PC, 2004 WL 1656476, at *4 (Tenn. Crim. App. July 23, 2004) (concluding that the indictment was not defective because the district attorney general only signed a six-page, six-count indictment at the bottom of the last page) and James L. Feenin v. Kevin Myers, No. M2002-01770-CCA-R3-CO, 2003 WL 1872646, at *2 (Tenn. Crim. App. Apr. 11, 2003) (concluding that the indictment was not defective because the district attorney general only signed a three-page, three-count indictment at the bottom of the last page).  Our supreme court also has explained:

> [i]t is not essential that the signature of the officer should be placed at the end of the indictment. It is sufficient if it appear on some other part of the paper, provided it appear beyond doubt that the attestation relates to the indictment and every part thereof, and identifies the same as the act and accusation of the government, done through its sworn officer.

State v.  Lockett, 50 Tenn. 274, 274-75 (1871); see also James E. Martin, 1999 WL 360147, at *3.  Accordingly, the signature "must be on it, and must show that it is intended to cover all the counts contained therein."  Lockett, 50 Tenn. at 275; see also James E. Martin, 1999 WL 360147, at *3.

In the instant case, the District Attorney General signed a five-page, five-count indictment at the bottom of the last page, which contained count five.[1]  Each count in the Petitioner's indictment was consecutively numbered on five separate pages.  Clearly, the District Attorney General's signature refers to the indictment, including all five counts, as a whole.  The indictment in this case was not defective due to the location of the District Attorney General's signature.  For these reasons, we find no merit in the Petitioner's claim that his convictions for counts one through four are void.  Accordingly, the Petitioner is not entitled to habeas corpus relief.

---

[1] Although there is a "signature line" at the bottom of each page of the five-page indictment with the title "Attorney General" typed below it, "Attorney General" appears to be marked through on the first four pages of the indictment (counts one through four). As stated above, the District Attorney General signed the bottom of the last page of the indictment (count five) and "Attorney General" on this page is not marked through.

## **Conclusion**

For the reasons set forth above, we affirm the judgment of the habeas corpus court summarily dismissing the Petitioner's claim for habeas corpus relief.


_____
JEFFREY S. BIVINS, JUDGE